## WESTBROOK *v.* THE STATE.

*Lumpkin, J.*—1. A ground of a motion for a new trial assigning error upon a few words which constitute only a portion of a sentence of the court's charge, is without merit; especially when it appears from an examination of the entire sentence in which these words occur that no error was committed.

2. Where the court had given full and fair instructions as to the statement of the accused, and had distinctly informed the jury that they could believe a part of the statement and reject a part, if they thought a part of it was true and a part of it false, a charge in the following language, "Find out what the truth of the case is; what the real facts are; and look to the evidence for that purpose, and to the prisoner's statement, if you think it worthy of credit," could not have had the effect of impressing the jury "that they were not to look to, nor believe, nor consider any part of the prisoner's statement unless they considered the whole of it worthy of credit."

3. The sole issue in a trial for murder being whether the killing was deliberate and intentional, or the result of a mere accident; and the court, in its charge to the jury, having plainly and distinctly instructed them that if the killing was accidental, the accused should be acquitted; and the jury having rendered a verdict for murder without any recommendation, thus manifesting beyond doubt that they believed the killing was willful, the fact that the judge read to the jury section 4333 of the code, relating to the law of self-defense, is not cause for a new trial. While this section was not at all pertinent, the reading of it, under the circumstances, could not have resulted in any injury to the accused.

2. The evidence was sufficient to warrant the verdict; and the same having been approved by the trial judge, this court will not set it aside.                    *Judgment affirmed.*

March 11, 1895.

Indictment for murder. Before Judge Fish. Sumter superior court. November term, 1894.

*W. T. Lane* and *W. K. Wheatley,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *J. M. DuPree, solicitor-general,* by *F. A. Hooper,* contra.