## KNOX *v.* THE STATE.

1. When in the trial, in the superior court of Franklin county, Georgia, of one charged with the offense of murder, it appeared from the evidence that the accused killed the deceased at the house of the accused on the place of a named person in Franklin county, it was sufficiently shown that the homicide occurred in Franklin county, Georgia; and such evidence excluded any legitimate inference that the offense was committed in Franklin county, North Carolina, though this county may be situated not very far from the county of the same name in Georgia.
2. The evidence warranted the verdict, and there was no error requiring the granting of a new trial.

Argued November 20, — Decided December 10, 1901.

Indictment for murder.    Before Judge Russell.    Franklin superior court.    September 25, 1901.

*W. R. Little* and *A. G. & J. B. McCurry,* for plaintiff in error.
*J. M. Terrell, attorney-general,* and *C. H. Brand, solicitor-general,* contra.

COBB, J.    The accused was tried and convicted, in the superior court of Franklin county, on an indictment charging him with the offense of murder.    His motion for a new trial having been overruled, he excepted, and the judgment of the superior court refusing to grant a new trial was reversed by this court.    112 *Ga.* 373. Upon his second trial the accused was again convicted, and made a motion in arrest of judgment, as well as a motion for a new trial. The motion in arrest of judgment was overruled by the trial court, and this judgment was affirmed by this court.    113 *Ga.* 929.    The present writ of error is sued out complaining that the court erred in overruling the motion for a new trial.

1. It is insisted that the verdict is contrary to the evidence, in that it fails to show that the offense was committed within the jurisdiction of the court; that is, it does not appear from the brief of evidence as contained in the record that the venue was proved. The only evidence in the record as to where the crime was committed was in the testimony of a witness who said that the accused killed the deceased " with a gun at Mr. Latty's plantation in Franklin county.    He was killed at Ed. Knox's house on Mr. Latty's place in Franklin county."    It is argued that this does not show beyond a reasonable doubt that the homicide occurred in the State of Georgia; this being especially true in the present case, for the

reason, as stated by counsel in his argument, that Franklin county, Georgia, and Franklin county, North Carolina, were not very far from each other. We do not think there is any merit in this contention. In the case of *Mitchum* v. *State*, 11 *Ga.* 615, where it appeared that the accused was placed upon trial in the superior court of Stewart county upon an indictment for murder, there was evidence that the offense was committed in the house of a witness "at Florence, Stewart county." It was held that this was sufficient to show that the crime was committed within the jurisdiction of the court. In the opinion in that case Judge Nisbet said: "By the constitution of the State [the offense] was triable alone in the county where it was committed, and the court had jurisdiction over it nowhere else; to give jurisdiction, therefore, it was necessary to prove that it was committed in the county where the court was sitting. The court sat, and the trial was had in the county of *Stewart*, and the proof was that the crime was committed *in the house of the witness, at Florence, in the county of Stewart.* That the court was sitting in the *county of Stewart* and *State of Georgia*, was a fact known to the court from its own records and the public law. When, therefore, it was proven that the crime was committed in the county of *Stewart*, it was proven that it was committed in the county in which the court entertained jurisdiction over it." We think the present case is controlled by the ruling just referred to. See also *Wright* v. *Phillips*, 46 *Ga.* 197.

2. The motion for a new trial contains several grounds assigning error upon the rulings of the court in admitting and rejecting evidence. When these assignments of error are considered in the light of the notes made by the trial judge to the several grounds of the motion, they do not contain any error requiring the granting of a new trial. The evidence authorized the verdict.

　　　　*Judgment affirmed. All the Justices concurring.*