## ADDIS v. THE STATE.

The charge complained of, when taken in connection with the general charge, was not erroneous.    The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

Submitted April 23, — Decided May 10, 1904.

Indictment for larceny.    Before Judge Kimsey.    Rabun superior court.    March 10, 1904.

To the facts stated in the opinion it may be added that the circumstances of guilt shown by the evidence were as follows: Beck lost a hog of a given description.    The accused owned no hog, so far as was known.    Upon being visited by two persons on an evening, he induced one of them to go with him about 150 yards from his house, where he took from the top of a fallen tree a recently killed hog, the hair, weight, and apparent age of which corresponded with those of Beck's lost hog.    The killed hog was carried to the house of the accused, and was there cleaned, cut up, and salted by him and his visitors, at night.    He asked one of the visitors to burn the trough they had used in cleaning.    He said the hog was his uncle's, and that he had killed it accidentally in shooting at another hog that was not marked.    The uncle did not appear at the trial, so far as the record shows.

*J. R. Grant* and *Hubert Estes*, for plaintiff in error.
*W. A. Charters, solicitor-general,* contra.

COBB, J.    The accused was convicted of hog-stealing.    He assigns error upon the refusal of the court to grant him a new trial. Complaint is made of the following charge: "You take this case, gentlemen of the jury, and determine what the truth is.    If the defendant is guilty, and you are satisfied of it to the extent I have charged you, it would be your duty to convict him.    If so, just say, 'We, the jury, find the defendant guilty.'"    The criticism upon the charge is that the court should never instruct the jury that it was their *duty* to render a given verdict, and that the last sentence, being a complete sentence in itself, was an expression of opinion by the court on the evidence, and was equivalent to instructing a verdict of guilty.    We do not think the charge subject to the criticism made upon it.    The judge had fully charged the jury as to the law of reasonable doubt, and also the rules to be

followed in determining cases of circumstantial evidence; and· if the jury, from the evidence, were satisfied, to the extent that he had charged them, that is, beyond a reasonable doubt, that the accused was guilty, it was their duty under the law to convict him, and there was no error in instructing them to this effect. Properly construed, there was nothing in the charge complained of which contained an expression of opinion, or which constrained the jury to find any other way ·than according to the evidence as it appeared to them. The circumstances proved were of such a character as to authorize a finding that the accused stole the hog, and we see no reason for reversing the judgment refusing a new trial.　　　　*Judgment affirmed. All the Justices concur.*