LIVELY & SON *v.* INMAN, AKERS & INMAN.

EVANS, P. J. 1. "An exception to an auditor's report, which requires for its determination a consideration of some part or parts of the brief of evidence, is incomplete when the evidence necessary to be considered in passing thereon is neither incorporated therein, nor attached thereto as an exhibit, nor specifically pointed out in the brief of the evidence." *Brock* v. *Wildey,* 132 *Ga.* 19 (63 S. E. 794).

2. In the trial of exceptions of fact to an auditor's report, where exceptions of law thereto are overruled, the auditor's report is prima facie correct as to the facts which it finds, and the onus is on the party excepting to show that it is erroneous.

3. Where exceptions of fact to an auditor's report are approved and submitted to a jury, the issues thus submitted comprehend only those made by the exceptions; and the court is not called on to state the full contentions of the parties as made by the pleadings, unless it is necessary to elucidate the issues made by the exceptions.

4. A charge embracing a correct principle of law is not rendered erroneous by a failure to charge on some other legal principle applicable to the case.

5. The charge as a whole fairly submitted the issues, and the evidence authorized the verdict.

   *Judgment affirmed. Beck, J., absent. The other Justices concur.*

   AUGUST 10, 1910.

Exceptions to auditor's report. Before Judge Meadow. Gwinnett superior court. July 6, 1909.

*N. L. Hutchins,* for plaintiffs in error. *I. L. Oakes,* contra.