### 20711. LOFTIS v. HUBBARD.

STEPHENS, J.  1. Where a person who had a contract in writing with another to furnish and install for a stipulated sum of money certain material, such as sheet metal, and to do certain work on a construction project upon which the latter person was a subcontractor under the builder, did, in connection with the building project, certain extra work which he claims his employer contracted with him to do, in a suit by him to recover from the subcontractor amounts alleged to be due arising out of the alleged contractual relations between them, where there was evidence that the plaintiff performed work not contracted for in the original contract and which constituted "extras," and that this work was performed by the plaintiff under the employment and direction of the defendant through the defendant and the defendant's authorized agents working on the building, the admission in evidence of testimony that at the time of the execution of the first contract the doing of extra work by the plaintiff was contemplated, was, if error, harmless to the defendant.

2. Upon the trial of the suit to recover the cost of the alleged extras the evidence adduced was sufficient to authorize the finding by the auditor, to whom the case was referred, that the men working on the job who directed the plaintiff in the performance of the work and from whom the plaintiff took orders in performing the work did so as the authorized agents of the defendant, and that the defendant had himself and through his authorized agents authorized the plaintiff to do the work, and that the work was performed in accordance with the plaintiff's contract with the defendant, and that the amount found by the auditor as due to the plaintiff from the defendant for the work was correct.

3. Where the original contract in writing between the plaintiff and the defendant provided that the plaintiff would furnish and install for a stipulated sum of money certain material, such as sheet metal, and that the defendant was to furnish to the plaintiff the sheet metal at the rate of five and one half cents per pound, and where the defendant in his plea admitted that by the terms of the contract he was "to furnish the sheet metal to be used on said job at the rate of five and one half cents per pound, which was to be deducted from the contract price due [the plaintiff]," the auditor was authorized to find that only the sheet metal

actually used by the plaintiff in the performance of the work and which went into the construction work was to be furnished by the defendant and accounted for at five and one half cents per pound, and that any of the sheet metal which the defendant delivered to the plaintiff for the purpose of being used by the plaintiff in the performance of the work but which was in excess of that required by the plaintiff and actually used by the plaintiff in the performance of the work was not the property of the plaintiff but was the property of the defendant, and where all the sheet metal, including this surplus, had been charged to the plaintiff by the defendant at five and one half cents per pound, the defendant upon retaking this surplus should have credited his account against the plaintiff for sheet metal with a sum representing the value of the surplus metal reclaimed by the defendant, calculated at five and one half cents per pound, and not at the actual market value of the surplus at two cents per pound.

4. None of the defendant's exceptions of law to the report of the auditor were meritorious. The auditor was authorized to find for the plaintiff in the amounts found as representing the amounts due by the defendant to the plaintiff.

5. Where exceptions of fact to an auditor's findings recite that the findings of the auditor as "set forth in paragraphs [giving the numbers]" of the "rulings and findings upon the issues of fact raised by the pleadings" are excepted to on the ground that these "findings are contrary to the evidence," and recite none of the evidence, but refer to the evidence as set out in the other exceptions of law and fact, and specify the evidence there set out as being necessary to a clear understanding of the exceptions, the exceptions are not sufficiently specific, and the court does not err in dismissing them. *Lively* v. *Inman*, 135 *Ga.* 10 (68 S. E. 703); *Hudson* v. *Hudson*, 119 *Ga.* 637 (10, 11) (46 S. E. 874); *Arthur* v. *Gordon County*, 67 *Ga.* 220 (2, 3); Civil Code (1910), §§ 5135, 5136.

6. The court did not err in overruling the defendant's exceptions of law to the auditor's report and in rendering judgment for the plaintiff in the amount found by the auditor.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*McElreath & Scott,* for plaintiff.
*Charles G. Bruce,* for defendant.