## MULLINAX *v.* THE STATE.

No. 10519. MARCH 12, 1935.

*Alec Harris, Chastain Parker,* and *J. L. Wallace,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. F. Kelly, solicitor-general, B. D. Murphy, J. T. Goree, J. R. Rosser,* and *E. J. Clower,* contra.

HUTCHESON, Justice.   Robert Mullinax was the stepfather of Nevin Hancock, deceased.   On May 27, 1934, they were at a neigh-

bor's house. Mullinax was drinking, and had some words with Hancock. The evidence shows that Mullinax followed Hancock to church that night, and that he tried to borrow a gun. Hancock went home and spent the night, and went to work next morning in Mr. Baker's field. On this Monday morning Hancock was two to three hundred yards from the house where Baker lived. About 8 o'clock a. m., Robert Mullinax was seen running, with his shotgun; he told this witness he was going to shoot some crows. He walked around a little knoll and approached the field where Hancock was plowing. Baker and one of his sons were about one hundred yards away, and looked in time to see Hancock throw up his arms. They heard no words but saw Hancock's hands thrown up just as Mullinax shot him through the chest, killing him instantly. Mullinax then walked away. The evidence shows that he told of his plans before the act was committed. He was tried and convicted, and was given a life sentence. He made a motion for new trial, which was overruled, and he excepted.

1. The motion for new trial is composed of the general grounds and an exception to the following excerpt from the charge of the court to the jury: "So, gentlemen, if you find beyond a reasonable doubt that this defendant, at any time prior to the finding and return of this indictment, did kill or murder the person mentioned in the indictment, and in the way and manner therein set forth, and that he did it in malice either express or implied, and that the killing was without legal excuse, justification, or mitigation, then and in that event you would be authorized and it would be your duty to find the defendant guilty of the offense of murder." It is contended that the words "it would be your duty to find the defendant guilty of the offense of murder" amounted to an expression of an opinion by the court. In *Westbrook* v. *State*, 97 *Ga.* 189 (22 S. E. 398), it was said: "A ground of a motion for new trial assigning error upon a few words which constitute only a portion of a sentence of the court's charge is without merit; especially when it appears from an examination of the entire sentence in which these words occur that no error was committed." In *Addis* v. *State*, 120 *Ga.* 180 (47 S. E. 505), the judge used the following language in his charge: "You take this case, gentlemen, and determine what the truth is. If the defendant is guilty, and you are satisfied of it to the extent I have charged you, it would be your

duty to convict him." This language was approved by this court. See also *Greene* v. *Slate*, 154 *Ga.* 394 (3) (114 S. E. 361). No reversible error is shown in the charge given in the instant case.

2. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*