JONES *v.* THE STATE.

No. 14839.   May 4, 1944.

Zach Arnold, for plaintiff in error.

T. Grady Head, attorney-general, R. A. Patterson, solicitor-general, Hooper & Miller, and Victor Davidson, assistant attorney-general, contra.

DUCKWORTH, Justice. ■ Special ground 1 of the motion for new trial excepts to the court's failure to charge on the law of "temporary insanity." It is insisted in this ground that the issue of temporary insanity was made by a sentence in the defendant's statement, to wit, "I lost control of my head." In the first place, this statement does not show any element of temporary insanity. As ordinarily used, this expression would imply that the defendant, because of anger or excitement, lost control of himself. It in no wise indicates an unsound mind, and, hence, does not raise an issue of temporary insanity. However, if by any interpretation it could be construed as having made such an issue, that issue having been made by the defendant's statement alone would not require a charge thereon in the absence of a timely request. Counsel for the movant recognizes this well-established rule, but assails the soundness of the rule and specifically requests us to review decisions by this court sustaining and applying the rule, aggregating about seventy-five in number, beginning with Downing v. State, 66 Ga. 110, and ending with Jesler v. State, 193 Ga. 202 (17 S. E. 2d, 736), together with any other decision which sustains the rule. In support of this request, it is urged that no solid basis or justification for such a rule can be found, and that it deprives the defendant of the benefit of a defense which he is able

to make by his unsupported statement only. The long array of decisions which it is sought to have overruled constitute sufficient argument for sustaining the rule. It is a mere rule of practice or procedure which requires the defendant to do something, and in nowise deprives him of the benefit of any defense found in his statement alone, provided only that he complies with the rule. Under the principles of evidence, prejudicial and irrelevant testimony may be excluded, provided the rule requiring objections thereto be complied with, but in the absence of compliance, a new trial will not be granted despite the fact that inadmissible evidence has been introduced. So here, where, as shown by numerous decisions, the rule requiring a timely request to charge on a defense made by the defendant's statement only is well established, and where as here counsel for the accused elects to refuse to comply with the rule, the responsibility for the failure to have the complaint reviewed by this court falls, not upon the rule, but upon the movant who fails to observe it.

■ Special ground 2 excepts to the failure to charge on temporary insanity, and asserts the contention of the movant that the entire evidence in the case shows this defense, and that the evidence as a whole shows conclusively that the killing was the act of a crazy maniac, and therefore, that it was the duty of the judge to charge on the subject without request. There is no testimony in this record making the defense of temporary insanity, and hence this ground, complaining because the court failed to charge on temporary insanity, is without merit, irrespective of whether or not the ground of exception is sufficient in law; there being no evidence incorporated in or attached to this ground of the motion for new trial. *Bennell* v. *Brown,* 164 *Ga.* 51 (153 S. E. 756); *Bryant* v. *State,* 180 *Ga.* 238 (178 S. E. 651); *Horton* v. *Johnson,* 192 *Ga.* 338 (4) (15 S. E. 2d, 605); *Hicks* v. *Cherry* 193 *Ga.* 4 (3) (17 S. E. 2d, 60); *Jones* v. *Jones,* 196 *Ga.* 492, 496 (2) (26 S. E. 2d, 602); *Davis* v. *Guffey,* 196 *Ga.* 816 (2) (27 S. E. 2d, 689).

■ Special ground 3 excepts to the following excerpt from the charge: "The reasonable doubt of the law does not mean a fanciful or capricious doubt. It does not mean a doubt arbitrarily created in the mind of a juror for the purpose of finding an excuse to acquit." The portion of the charge complained of is, "It does not mean a doubt arbitrarily created in the mind of a juror for the

purpose of finding an excuse to acquit;" the attack being that it tended to unduly influence and intimidate the jury, and to cause them to believe that the court was of the opinion that the only doubt that the jury could find in the case would be a doubt arbitrarily created in the minds of the jury for the purpose of finding an excuse to acquit; and that the charge tended to make the jury believe that if they returned a verdict of acquittal, the court would think that they had arbitrarily made up an excuse to acquit. One trouble with this ground is that it mutilates the charge on the subject, and repeats only a part of the sentence in the charge as given. The portion complained of stops in the middle of the sentence with the word "acquit," the remainder of the sentence being, "but it means a doubt that has some reasonable foundation upon which to rest, a doubt of a reasonable, fair-minded, impartial man and juror who is honestly in search after the truth, and which doubt flows out of the evidence, the want of evidence, or proven circumstances in the case, or the statement of the defendant." The charge complained of is immediately preceded by the instruction that, "The burden of proof rests upon the State, and before the jury would be warranted in convicting the defendant of the charge alleged against him in said bill of indictment, the evidence must be of such convincing strength as to satisfy the jury of the defendant's guilt beyond all reasonable doubt." The movant makes no contention that the language complained of is an incorrect statement of the law, but complains only of what the movant contends was the effect upon the jury. If it was a correct statement of the law, its effect upon the jury would make no difference, but it does not appear that the charge prejudiced the jury against the accused, and it is not subject to the criticism made.

■ Special ground 4 excepts to the charge on justifiable homicide. It is contended in this ground that there was no evidence to authorize the charge, and that by charging the jury on a defense which the defendant made no attempt to sustain by proof, this charge prejudiced the jury against the defendant in that it made it appear that he was claiming a defense without offering any evidence to sustain the same, and that it diverted the minds of the jury from the only defense which the defendant had made, to wit, temporary insanity. Though the evidence made no case of justifiable homicide, the State's witnesses were repeatedly asked if the

deceased had a weapon, to which negative answers were made, and by this charge the court gave the accused the benefit of a defense to which he was not entitled. There is nothing in the charge to indicate that the defendant had no other defense, and it was not calculated to injure the accused. *Hodges* v. *State*, 95 *Ga.* 497 (20 S. E. 272); *Westbrook* v. *State*, 97 *Ga.* 189 (3) (22 S. E. 398); *Green* v. *State*, 153 *Ga.* 215 (4) (111 S. E. 916).

■ Special ground 5 complains of an excerpt of the charge as follows: "The jury are the exclusive judges of the testimony and the credibility of the witnesses." The grounds of complaint here are that these words tended to stress the fact that the jury were the exclusive judges of the testimony, and did not mention the fact that they were also the exclusive judges of the defendant's statement, and that such words tended to create an arbitrary distinction between the effect of the defendant's statement and the testimony and to minimize the effect of the defendant's statement. Here, the movant makes no criticism of the court's language upon the ground that it is an incorrect statement of the law, or that it was inapplicable and should not have been given; but the complaint is that other law instructing the jury as to the weight and credit to be given the defendant's statement is not contained in this portion of the charge. It is not a valid attack upon an instruction, which within itself is appropriate and a sound rule of law, that the court did not also charge another appropriate and sound principle of law. *Lively* v. *Inman*, 135 *Ga.* 10 (4) (68 S. E. 703); *Peeples* v. *Rudulph*, 153 *Ga.* 17 (2) (111 S. E. 548). For this reason, ground 5 is without merit. However, it might be well to state that, immediately preceding the sentence complained of and in the same paragraph, the court instructed the jury that the defendant had the right to make such statement to the court and jury in his defense as he might consider proper, that his statement was not under oath but should have such force as the jury might think right to give it, and that they could believe it in preference to the sworn testimony.'

■ Special ground 6 alleges that the venue was not proved, and that there was no evidence to show jurisdiction of the trial court. The general grounds assail the evidence as a whole as not being sufficient to sustain the verdict. The evidence shows that the crime occurred at the home of the deceased on the Will McKemie place in Clay County. This was sufficient to show that the offense was

committed in Clay County, Georgia; and Clay County was the county in which the case was tried. *Knox* v. *State,* 114 *Ga.* 272 (40 S. E. 233). The verdict is supported by the evidence, and the general grounds are without merit.

*Judgment affirmed. All the Justices concur.*