20023. ADAMS *v.* THE STATE.

132

Submitted April 14, 1958—Decided May 7, 1958.

*Horkan & Peters*, for plaintiff in error.

*J. B. Edwards, Solicitor-General, Bob Humphreys, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General*, contra.

Almand, Justice. Otha A. Adams, on his plea of not guilty to an indictment charging him with the murder of Harris Hagan, Jr., a three-year-old child, by striking and beating him with a hammer, was on his trial found guilty by the jury and was sentenced to death by electrocution. His motion for a new trial as amended was denied, and the bill of exceptions assigns error on this order.

■ Special ground one of the amended motion for a new trial asserts that the court erred in denying the defendant's motion for a continuance. The homicide occurred on November 15, 1957. Counsel were appointed to represent the defendant on November 30, 1957, and the case was called for trial on December 13, 1957, at which time the defendant moved for a continuance on the ground that his counsel had not had sufficient time in which to prepare the case for trial. It was asserted that the entire defense would be that the defendant was insane at the time of the commission of the offense, and that, though attempts had been made to obtain the services of a psychiatrist to examine the defendant, counsel had not been able to do so, and that there was some evidence that a psychiatrist might, after examination, find the defendant to have been insane at the time the murder was committed. On the hearing of the motion, evidence was submitted as to efforts made to engage the services of a psychiatrist, and to the effect that, if one could be engaged, it would take "days and sometime weeks" of examination to reach a conclusion as to the defendant's sanity. Two physicians testified on behalf of the State that they had examined the defendant shortly after the homicide and, though he appeared to be mentally disturbed, in their opinion the defendant knew the difference between right and wrong. One of the physi-

cians testified that the defendant was not so mentally disturbed that he could recommend that the defendant be sent to a psychiatrist for examination.

Motions for a continuance are addressed to the sound discretion of the court, and this discretion will not be disturbed unless manifestly abused. The court did not abuse its discretion in denying the defendant's motion for a continuance.

■ Special ground two complains that the court erred in charging the jury the law embodied in Code §§ 26-1011 and 26-1012, relative to justifiable homicide and self-defense. It is asserted that such a charge was erroneous and injurious to the defendant because it injected the principle of self-defense into the case, where the sole defense was that the defendant was insane at the time of the commission of the offense, and, there being no evidence as to self-defense, the charge on justifiable homicide prejudiced the jury against his defense of insanity.

This charge gave the defendant the benefit of a defense to which he was not entitled, and did not tend to destroy any other defense. Under the unanimous decisions of this court in *Geer* v. *State*, 184 *Ga.* 805 (1) (193 S. E. 776), and in *Jones* v. *State*, 197 *Ga.* 604 (4) (30 S. E. 2d 192), this charge was not erroneous for any reason assigned.

■ Special ground three will be considered along with the general grounds of the motion for a new trial. There were no eyewitnesses to the murder. Shortly after the bodies of the defendant's sister and the two children of his nephew were discovered in his nephew's home, the defendant confessed to the murder of the three with a hammer. All three victims were killed by several blows to the head. A hammer with blood on it was found in the kitchen sink of the house where the bodies were found. Six witnesses, including a physician, testified that in their opinion the defendant knew the difference between right and wrong. Two of these witnesses gave their opinion as to his sanity on the day of, but before the commission of, the homicide, and three of them gave their opinion as to his sanity a few hours after the killings. The defendant introduced no evidence. In his statement to the jury, he said: "They [referring to his sister and the two children] were all dear to me, and I just couldn't have done it, wouldn't have done it. That is all

that I know, it just seems like a dream to me. It don't seem like it's true and I could have done such a thing. I just can't believe it. I know I wasn't right or I wouldn't have done it for nothing in the world."

The presumption that the defendant was sane at the time of the commission of the offense was not overcome by any evidence, but on the contrary, the jury was fully authorized to find from the evidence offered by the State that the defendant was sane at the time the offense was committed. The evidence supports the verdict and it was not error to deny the defendant's motion for a new trial as amended.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Head and Mobley, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent for the reason that I think that the trial judge abused his discretion in denying the motion for continuance. Head and Mobley, JJ., concur in this dissent.