## 23248.   CALDWELL v. THE STATE.

Cook, Justice.   D. Arthur Caldwell was indicted and tried by a jury in Fulton Superior Court for the murder of Eleanor Reeder by shooting her with a pistol.   He was convicted and received a sentence of life imprisonment.   He appealed from the verdict and sentence.   Four assignments of error are specified in the enumeration of errors.   No assignment of error is made on the sufficiency of the evidence to authorize the verdict.   *Held:*

1. It is contended by the appellant in the first assignment that the trial judge erred in "overruling the objection to the testimony of Gail Diane Brown," who testified that a few minutes before the deceased was shot the appellant and the deceased were engaged in an argument.   The record shows that this witness lived in an apartment adjacent to the room in which the two were engaged in a conversation which, according to the witness, was an argument; that she knew them and was familiar with their voices; that she heard their voices, and saw them through her window during the argument.   She related a part of the subject matter of their argument.   She testified that she knew they were arguing because of the tone of their voices, which was loud, and that the appellant was questioning the deceased about rumors that she had been going with another man.   It is the contention of the appellant that the statement of the witness was a conclusion.   There is no merit in this assignment, since the witness gave the facts upon which she based her statement that they were arguing.

2. The second assignment of error is that the court charged the jury "the principle of law defining murder."   It is the duty of the trial judge to charge the definition of murder in all cases, as in this, in which the indictment and trial are for murder.   The record in the present case discloses that the trial judge charged the jury on all aspects of the law of murder, including the definition as provided in *Code* § 26-1002.   This assignment of error is obviously without merit.

3. The court did not err in charging the jury the principles of law concerning voluntary manslaughter, as contended in assignment 3 of the enumeration of errors.   While there is little or no evidence to raise the theory of voluntary manslaughter, and the appellant's defense was accident, he did

contend in his unsworn statement that, "I didn't have no intention of shooting her." The charge on voluntary manslaughter gave him the benefit of a possible verdict of voluntary manslaughter, without destroying his defense of accidental homicide. *Geer v. State,* 184 Ga. 805 (1) (193 SE 776); *Jones v. State,* 197 Ga. 604 (4) (30 SE2d 192); *Grier v. State,* 212 Ga. 248, 254 (91 SE2d 749); *Adams v. State,* 214 Ga. 131 (2) (103 SE2d 550). Moreover, in *Robinson v. State,* 109 Ga. 506 (1) (34 SE 1017), this court held that: "If in a trial for murder the law of voluntary manslaughter is not involved, the court should not charge thereon, but so doing will not, in such a case, be cause for a new trial, if the accused be rightly convicted of murder . . ." See also *Joiner v. State,* 105 Ga. 646 (2) (31 SE 556).

4. The fourth error enumerated is that "the court did not charge the principles of involuntary manslaughter." The trial judge charged the jury on accident, the defense claimed by the appellant, and their duty to acquit him if they found that the homicide was accidental. The judge defined involuntary manslaughter but gave no form of verdict if the jury should find the appellant guilty of involuntary manslaughter. No principle of involuntary manslaughter was involved under the evidence or the appellant's statement, and it was not error to fail to give any further charge on involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 15, 1965—DECIDED FEBRUARY 3, 1966.

*William T. Brooks,* for appellant.

*Lewis R. Slaton, Jr., Solicitor General, Paul Ginsberg, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.