## 49202. LUKE v. THE STATE.

CLARK, Judge.

Luke, the appellant, is one of two defendants, the other being Cumbie, who were jointly indicted for burglary. They were represented by different counsel and obtained separate trials. Each was convicted. Individual appeals followed. With the single exception of enumerating error on their respective motions to suppress evidence their assignments of error differ. The *Cumbie* case (page 807, post) is being affirmed contemporaneously with the instant decision on the Luke appeal.

1. The first enumeration of error attacks the court's ruling denying the motion to suppress evidence. Appellant contends that the evidence was "procured as a result of the illegal arrest of the defendant and

subsequent search of defendant's car as obtained" and constituted a violation of his constitutional rights. The hearings on the two individual motions to suppress the evidence were combined and the trial judge entered a single order of denial covering both motions.

As the trial judge's order concisely states the facts as developed at the hearing we quote that portion as follows: "The Court finds that an Atlanta Police Officer, while on routine patrol on May 8, 1973, at approximately 9:30 to 10:00 o'clock p. m., observed an automobile stopped on the side of a road near a construction site. There were two males in the vicinity of the automobile who were apparently making some adjustments to the trunk of the car. The police officer stopped initially to render some assistance if needed, observed that the two males were dressed in sport clothes rather than work clothes, that there were muddy footsteps from the automobile into the construction work site and that the males had mud on their shoes; that there were in plain view several tool kits in the automobile and other construction material or tools visible protruding from the partially open trunk. The two males appeared to be under the influence of alcohol and without adequate explanation as to their purpose in being at this place or their actions, and the officer, based upon a combination of suspicious circumstances took the two men into custody and confined them in his patrol car. He then made a radio check of the identity of the vehicle and found that the license plate displayed on the vehicle was not the license plate which was supposed to be properly on that vehicle and, therefore, suspected the vehicle of being a stolen vehicle, or the license plate to have been stolen. He then made a search of the vehicle and found another license plate, several other tool boxes in the trunk of the car, along with other construction materials and other items. He also found checks of the construction company in the glove compartment of the vehicle. He further found a rivet gun in the pocket of the person defendant George Michael Luke."

The order concluded: "The court finds that upon consideration of the totality of the circumstances, this officer had probable cause to take these two defendants

into custody and make further inquiry, and thereafter to make a search of the vehicle suspected of being stolen and to which the defendants had no proper identification of ownership or registration. This court finds that the arrest and search and seizure were legal and valid and the motions to suppress filed by and in behalf of each of these defendants is hereby overruled and denied." (T. 12).

Defendant appeals the denial of his motion to dismiss alleging as error the lack of probable cause for the arrest and search and seizure.

" 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States [338 U. S. 160, 175 (69 SC 1302, 93 LE 1879)]. Probable cause exists where 'the facts and circumstances within (the arresting officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that 'an offense has been or is being committed. Carroll v. United States, 267 U. S. 132, 162 [45 SC 280, 69 LE 543, 39 ALR 790]." Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327).

Here the officer on patrol had probable cause to make an arrest without a warrant under Code §§ 27-207, 27-211, since, as stated in the trial judge's order, the totality of circumstances justified the apprehension that defendants either were committing an illegal act or were about to escape after having committed the act. *Underhill v. State,* 129 Ga. App. 65 (198 SE2d 703); *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286); Ker v. California, 374 U. S. 23, 34 (83 SC 1623, 10 LE2d 726). Therefore *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169) where the only circumstance was defendant's appearance is inapplicable to the situation sub judice.

"Moreover, if he were not arrested there was a likelihood that the defendant would escape and there would be a failure of justice. [Cits.]" *Williams v. State,* 129 Ga. App. 103, 105 (198 SE2d 683).

"Where a search of an automobile is made by a police

officer without a warrant, the test of its legality is whether the search was reasonable. In applying this test reasonableness is not determined by the hindsight of appellate court judges after weeks of academic deliberation; it is determined by the foresight of the policeman on the scene who must act in the public interest in a very short space of time. The reasonableness of his action must be judged in relation to the circumstances then existing and is in the first instance a question for the trial judge to determine." *Croker v. State,* 114 Ga. App. 43 (1) (150 SE2d 294).

Further "This court has held that officers are authorized to conduct searches of motor vehicles without first obtaining a warrant under suspicious circumstances. *Craft v. State,* 124 Ga. App. 57, 58 (183 SE2d 37); *Register v. State,* 124 Ga. App. 136, 137 (183 SE2d 68)." *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900). This is based on the fact that an automobile, being mobile, can be moved quickly out of the locality or jurisdiction. The result in this case if the vehicle had been moved would have prevented the car being traced as it was carrying a stolen tag.

In *Campbell v. State,* 226 Ga. 883, 888 (178 SE2d 257) the court determined that "the law [does not require] that the officer know the goods to be stolen property at the time they are seized. It is enough that he have probable cause to believe that this is the case."

*Rowland v. State,* 117 Ga. App. 557 (161 SE2d 424) does not support defendant's position since in the instant case ẘe have determined that the search was based on the existence of circumstances sufficient to justify a finding of probable cause whereas in the *Rowland* case the search was based solely on the officer's custom of searching stopped vehicles.

As the evidence supports the trial judge's finding of probable cause for the arrest and search and seizure defendant's motion to suppress was properly denied and Enumeration number 1 is without merit.

2. During the course of the trial, evidence was received over objection that after the defendant's arrest he was searched at which time a concealed pistol and a bottle of pills in a sock were found upon his person.

Defendant's separate motions for mistrial based on the reception of each item of evidence was also denied. The state contends that the evidence was admissible as a part of the res gestae. But "[w]hen one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. This is the general rule, but there are some exceptions to it; as when the extraneous crime forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." *Cox v. State,* 165 Ga. 145 (139 SE 861).

The burglary was committed when unlawful entry was made into a contractor's shack at a construction site at some time between 9 and 10 p. m. Burglary is in general a crime different in nature from those dealing with pills. As to the pistol there was no evidence that this weapon was used in any manner to enter the building. It was in fact found in his underwear. Obviously an unidentified bottle of pills has no connection to the crime charged. None of this evidence is admissible on the theory that it tends to show guilty knowledge or bears on the question of identity to prove motive or intent. *Cox v. State,* supra. While it is true the pills were not identified as to substance and thus nothing of a criminal nature was shown, yet in this day with great publicity of widespread illegal possession of contraband drugs, there is more than a fair risk that reasonable jurors inferred that the pills carried in a sock were some form of prohibited drug.

The Supreme Court cases of *Katzenby v. State,* 228 Ga. 6 (183 SE2d 749) and *Clements v. State,* 226 Ga. 66 (172 SE2d 600) relied upon by state are distinguishable. Both defendants were convicted of armed robbery. In *Katzenby,* evidence that the defendant committed an

aggravated assault upon police who thwarted his attempt to escape was held admissible as a part of the res gestae. In *Clements,* shortly after the robbery, defendant was arrested and he had a pistol on his person and two pistols near him in the seat of an automobile he was driving and there was other evidence that two of the weapons resembled those that were used in the commission of the crime. The relevancy of the evidence in those cases is readily apparent. Our decision in *Lane v. State,* 126 Ga. App. 375 (174 SE2d 925) is directly in point to this case and controls. The evidence of the possession of pills and carrying a pistol has no logical connection to the crime charged here and does not illustrate the state's case against the defendant for burglary. It was harmful error to admit it.

3. The fourth assignment of error deals with events occurring at the commencement of trial and comments made by the trial judge in refusing to accept the results of plea bargaining. As to the practice known by this term we deem it proper to quote with our approval from Santobello v. New York, 404 U. S. 257, 260 (92 SC 495, 30 LE2d 427) where the U. S. Supreme Court described "plea bargaining" as an essential component of the administration of justice and "Properly administered, it is to be encouraged."

. When the defendant sought to enter guilty pleas to five different indictments including the instant joint burglary accusation, the trial judge made inquiries in pursuance of his obligation to do justice between the state and the accused and to fulfil his ultimate responsibility for imposing sentence after assuring himself of the propriety of the plea bargaining activities. In declining to accept the recommendation because it suggested a sentence less than that which had been set for Cumbie by a jury upon the co-defendant's trial held some months previously, the jurist made some remarks aimed at comparing the two defendants. These statements were considered by counsel as being an expression of opinion as to the character and guilt of the defendant and also an approval of the verdict of guilty found as to the co-defendant. He therefore made a motion for the court to recuse itself and withdraw from the case under Code §

110-201. This was denied.

We observe that the colloquy including the denial of the motion occurred after the selection of the jury but during their absence from the courtroom for a luncheon recess. Therefore these remarks could not have affected these jurors nor their deliberations. A reading of the transcript indicates nothing said by the judge that could be construed as error affecting the conduct of the trial or that in any way could be considered as a comment on the previous verdict violative of Code § 110-201 or that would have required his disqualification under Code § 110-202. In essence, it stated no more than that the bench would not accept the recommendation for a sentence less than that imposed by a jury upon the co-defendant for the same burglary. There is therefore no merit to Enumeration of error number 4.

4. The fifth and sixth enumerations allege as error the admission of hearsay evidence over objection in two instances. (a) The first concerns testimony by the arresting police officer as to a statement made by defendant or his accomplice that there was nothing in the trunk. (b) The second instance involves a statement by another officer that after examining the merchandise found in the car "We found out it came from the construction site."

(a) Defendant's contention that the officer's inability to testify as to which one, defendant or his accomplice, made the statement is without merit. If defendant made the statement, it was an attempt to conceal the existence of the crime and was therefore admissible as a part of the res gestae. *Durham v. State,* 129 Ga. App. 5, 6 (4) (198 SE2d 387). If defendant's accomplice made the statement, it would be a declaration by one of the conspirators during the pendency of the criminal project and therefore admissible under Code § 38-306 coming within Georgia's conspiracy exception to the hearsay rule. See *Bennett v. State,* 231 Ga. 458, 460 (1) (202 SE2d 99).

Additionally, an accomplice's statement is properly admissible under *Thompson v. State,* 58 Ga. App. 593 (199 SE 568): "Acts, conduct, and declarations of an accomplice during the pendency of the wrongful act, not

alone in its actual perpetration, but also in its subsequent concealment, are admissible against another accomplice. In legal contemplation the enterprise may not be at an end, so long as the concealment of the crime or the identity of all the conspirators has not been disclosed. Acts and declarations of such disclosed conspirators, looking to the concealment of identity and the suppression of evidence, are admissible against other conspirators." In accord is *C. A. J. v. State,* 127 Ga. App. 813, 815 (195 SE2d 225). Therefore Enumeration number 5 lacks merit.

(b) The defense objected to the officer's statement that "After examining the merchandise we found out it came from the construction site" (T. 109), on the ground that it was hearsay and that no foundation had been laid. Other testimony made this error, if any, harmless. The rule is that proof of the same facts by legally admissible evidence renders harmless the admission of incompetent or inadmissible evidence. See *Robinson v. State,* 229 Ga. 14, 16 (1) (189 SE2d 53). The legal evidence introduced in this case was the policeman's identification of the construction company's checkbook which was found in the glove compartment and the testimony by the company's employee with reference to the burglary and return of their property by the police. See also *Thomas v. State,* 128 Ga. App. 32 (1) (195 SE2d 681).

Defendant's Enumeration of error number 6 is without merit since "Harm as well as error must be shown to authorize a reversal by this court. As was held in *Brown v. City of Atlanta,* 66 Ga. 71, 76: 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' [Cits.]" *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53).

5. Because of the error discussed in Division 2 in permitting the introduction of evidence of independent crimes which requires a reversal we deem it unnecessary to consider the seventh enumeration of error dealing with allegedly improper jury argument by the district attorney. This argument referred to defendant's version

of his possession of a pistol and therefore would not be a matter involved upon a new trial.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED APRIL 1, 1974 — DECIDED APRIL 25, 1974 — REHEARING DENIED MAY 15, 1974 —

*Moulton & Carriere, J. Wayne Moulton,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg,* for appellee.