## 30014. McCONNELL v. THE STATE.

GUNTER, Justice.

This appeal is from a conviction for murder and a life sentence. The trial judge overruled a motion for a new trial as amended, and three errors have been enumerated in this court.

The first is on the general grounds and it contends that the evidence in the case which was wholly circumstantial did not exclude every other reasonable hypothesis save that of the guilt of the accused. Having reviewed the transcript, we agree that the evidence against appellant was wholly circumstantial. However, there was evidence to the effect that the victim was seen with the appellant shortly before her final disappearance in the vicinity of where the homicide occurred and where the body of the victim was discovered several days later. There was evidence to the effect that the homicide took place in a house occupied or formerly occupied by appellant. The victim's body was discovered a short distance from the house. There was also evidence that the appellant had made an incriminating statement to a

witness a short time after the homicide could have occurred but quite some time before it was discovered that the victim had been killed.

Code § 38-109 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

In *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488) (1962), this court said: "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence excludes every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence."

We conclude that in this case the issue of guilt or innocence was for the jury to determine; and we cannot conclude, as a matter of law, that the evidence presented to the jury did not exclude every other reasonable hypothesis save that of the guilt of the accused.

The other two enumerated errors complain of a portion of the court's charge to the jury and of the admission into evidence of testimony alleged to be hearsay which should have been excluded rather than admitted. These two enumerated errors are without merit. The portion of the charge complained of was not erroneous, and the charge as a whole fairly presented the issues to the jury for determination. With respect to the complaint about the alleged hearsay evidence, assuming for the sake of argument that it was incompetent or inadmissible evidence, other testimony on the same point was competent and admitted into evidence, thereby making the testimony complained of merely cumulative. "The rule is that proof of the same facts by legally admissible evidence renders harmless the admission of incompetent or inadmissible evidence. See *Robinson v. State,* 229 Ga. 14, 16 (1) (189 SE2d 53)." *Luke v. State,* 131 Ga. App. 799, 806 (207 SE2d 213) (1974).

The judgment below must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 4, 1975 — DECIDED OCTOBER 21, 1975.

*David L. Lomenick, Jr., J. Donald Bennett,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General, Earl B. Self, District Attorney, John B. Wood, Assistant District Attorney,* for appellee.