## 51540. HOLLIS v. THE STATE.

CLARK, Judge.

Appellant Hollis and co-defendant Miller were jointly tried on a charge of burglary. Both were convicted. Appellant alone brings this appeal from the trial court's denial of his amended motion for a new trial. *Held:*

Appellant's two enumerations assert that the trial court erred in improperly limiting the closing argument of the attorneys representing the two defendants. Appellant and Miller were represented by different counsel. Appellant's attorney (not present counsel on appeal) stated that he wanted fifteen minutes for his closing argument. This request was granted and appellant's counsel presented his closing argument without interruption or limitation by the court. While it appears that the trial judge limited to thirty minutes the closing argument of counsel for co-defendant Miller, appellant's attorney offered no objection below to this judicial action.

We need not decide the propriety of the court's limitation of argument, since "[a]n issue raised as a basis for a motion for a new trial which was not asserted during the trial, cannot be asserted on appeal as a basis for reversal." *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371). In addition, we can discern no possible harm to appellant which could have been caused by the allegedly improper restriction of the closing argument made by a different attorney for a different defendant. "Harm as well as error must be shown to authorize a reversal by this court." *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53); *Luke v. State,* 131 Ga. App. 799, 806 (4b) (207 SE2d 213).

Appellant's enumerations are accordingly without merit.
*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED JANUARY 19, 1976.

*Smith, Smith & Frost, Steven P. Gilliam,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.