## 53649. DISMUKE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for theft of an automobile and use of a motor vehicle license plate on a vehicle other than the one for which the plate was issued. *Held:*

1. It is alleged that the court permitted introduction of irrelevant testimony over defense objections, i.e. testimony concerning reporting of crime information within police internal communications; testimony concerning whether the victim of the theft reported it to and received payment from its insurance carrier;

testimony of defendant's employment and wages; and defendant's financial arrangement with his attorney.

To be admissible evidence must relate to questions to be decided by the jury. *MacNerland v. Johnson,* 137 Ga. App. 541, 542 (224 SE2d 431). Irrelevant matter should be excluded. Code § 38-201. However, admission of evidence "which is wholly immaterial," generally will not be cause for the grant of a new trial; it will be grounds for a new trial only if it appears of sufficient consequence to injuriously affect the complaining party. *Weldon v. Howard,* 45 Ga. App. 668 (1) (165 SE 763); *McGriff v. McGriff,* 154 Ga. 560 (6) (115 SE 21); Green, The Georgia Law of Evidence 152, 153 § 61. "Harm as well as error must be shown to authorize a reversal by this court." *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53); *Luke v. State,* 131 Ga. App. 799, 806 (207 SE2d 213). We can discern no possible harm to defendant from admission of this evidence. See *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491).

2. Defendant on direct examination testified that he was a medical doctor. Cross examination as to whether he was licensed in Georgia and where he conducted his practice revealed that he is not licensed in this state and worked as an "assistant" to a doctor and part-time as a "butcher." He had previously advised the court that he was indigent and was appointed a lawyer. It was the defendant who opened the door on his employment and occupation. He cannot legally complain if the state enters and questions him regarding those subjects. The relevance may be tenuous, but where relevancy or competency of evidence is doubtful, it is within the discretion of the court to admit it and leave its weight for determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Guy v. State,* 138 Ga. 11, 12 (225 SE2d 492). We find no abuse of discretion.

3. Defendant's fifth enumeration of error contends that he "was convicted of a crime which was not in effect at the time the alleged acts were committed." In Count 2, the state charged defendant with "concealing the identity of a motor vehicle." The court started to charge the jury on the elements of Code Ann. § 68-434a (e) (Ga. L. 1961, pp. 68, 90), which prohibits — inter alia, affixing to a vehicle a

registration license plate not authorized by law for use on it, with intent to conceal or misrepresent the identity of the vehicle. The state interrupted and advised the court that the offense charged was subsection (b) of Code Ann. § 68-9916 (as amended, Ga. L. 1966, pp. 10, 11), which proscribes — inter alia, the use of any motor vehicle license plate upon or in conjunction with the possession of "any such motor vehicle" except the motor vehicle for which the plate was issued "for the purpose of concealing or misrepresenting the identity of any motor vehicle. . ." The first section above is a misdemeanor. The latter section is a felony. The court was correct in changing its charge as the language of the indictment tracked Code Ann. § 68-9916 (b).

Defendant argues that the use of the term in subsection (b): "any such motor vehicle," refers to the vehicle description in subsection (a) of the same statute. Assuming, without deciding, that assumption is correct, subsection (a) refers to a "motor vehicle, as defined by Chapter 68-15 to 68-17. . ." The Georgia Legislature (Ga. L. 1974, p. 633), which enacted Title 68A, repealed the majority of Chapters 68-15 through 68-17 dealing with the definition of a motor vehicle. See Ga. L. 1974, pp. 691-699.

Does the deletion of the referenced statutes legally affect the existence or enforcement of the adoptive Act? We find that it does not. The cardinal rule of construction of statutes is to carry into effect the legislative intent and purpose of the Act, if ascertainable, and it is within constitutional limits. *Ford Motor Co. v. Abercrombie,* 207 Ga. 464 (1) (62 SE2d 209); *City of Jesup v. Bennett,* 226 Ga. 606, 608 (2) (176 SE2d 81). The intent and purpose of the Act is patent and obvious. Reference to another statute for the definition of a motor vehicle is neither essential nor necessary in this case. We do not have the slightest doubt that the automobile in question — a 1976 Chevrolet Nova, is a motor vehicle.

Our Supreme Court has held that "[m]ere clerical errors or omissions in the reference to, and identification of, the Act or statute to be amended will not invalidate the amendatory statute, where, notwithstanding such errors or omissions, the Act or statute to be amended is pointed out with reasonable certainty. *Legislative enactments are*

*not, any more than other writings, to be defeated because of mistakes, errors, or omissions,* provided the intention of the legislature can be collected from the whole statute." *Humthlett v. Reeves,* 211 Ga. 210, 219 (85 SE2d 25) (emphasis supplied); 73 AmJur2d 397, Statutes, § 202.

A statute which refers to and adopts the language of a prior statute is not repealed or affected by the subsequent repeal of the adopted statute. United States v. Mercur Corp., 83 F2d 178 (3) (2d Cir. 1936), cert. den. 299 U. S. 576 (57 SC 39, 81 LE 424). The incorporated language is considered as a part of the second statute, continues in force, and is unaffected by the repeal of the adopted statute. 82 CJS 517, Statutes, § 301. However, this rule is subject to the proviso stated above regarding ascertainable legislative intent which may be contrary. See 82 CJS 845, 847, Statutes, § 370. The intent of the legislature here is easily discernible as the definition of a motor vehicle has not changed substantially from the former section: Code Ann. § 68-1502 (1) (b) (Ga. L. 1953, Nov. Sess., pp. 556, 557), to the present section: Code Ann. § 68A-101 (24) (Ga. L. 1974, p. 633). This enumeration is without merit.

4. It is alleged that the court erred in charging the jury on a lesser included offense of Count 2, when the offense alleged as the lesser offense was "a separate and independent crime." The state charged defendant with a felony under Code Ann. § 68-9916 (b), supra, in that he "did use" an improper license plate upon the stolen vehicle. The court then advised the jury if they did not find the defendant guilty on this count they could consider a lesser included offense, and then correctly charged them upon the elements of Code Ann. § 68-434a (e), supra, by removing a registration license plate from or affixing an improper registration license plate to — a motor vehicle with intent to conceal or misrepresent the identity of the vehicle. This latter offense is a misdemeanor. The crucial distinction between the two offenses, under the facts of this case, being whether defendant affixed the improper registration to the stolen vehicle or used the wrong vehicle license plate upon the stolen vehicle.

In *Walker v. State,* 130 Ga. App. 860, 864 (4) (205 SE2d 49), the court charged the jury on both offenses

(Code Ann. § 68-9916 (b) and Code Ann. § 68-434a (e)), as in this case, and further "charged the jury that they were to determine which, if either of these offenses defendants had committed." The jury convicted defendant of the felony. We found no harmful error "since the jury in criminal cases is the arbiter of all conflicts, and having resolved such issues against the defendant, and there being evidence to support the verdict, the court did not err in rendering final judgment on the verdict." Id. p. 865. In the instant case, the court charged that Code Ann. § 68-434a (e) was the lesser included offense of Code Ann. § 68-9916 (b), and in essence, let the jury decide which offense, if any, the evidence proved the defendant committed. The jury convicted the defendant of the felony offense and their verdict is fully supported by the evidence.

Under the indictment, as drawn in this case, the misdemeanor offense of affixing to a vehicle a registration license plate not authorized for use on it under Code Ann. § 68-434a (e), was not a lesser included offense of the felony offense of using a motor vehicle license plate upon a vehicle for which the plate was not issued, in violation of Code Ann. § 68-9916 (b). The charge by the court was one more favorable to defendant than he was entitled as the jury was permitted to select the lesser offense. Our Supreme Court has held that a "charge on a lesser crime will not be a cause for a new trial where the defendant is convicted for the higher offense. . ." Elder v. State, 224 Ga. 704, 705 (164 SE2d 118); see also Miller v. State, 131 Ga. App. 369 (206 SE2d 98); Linder v. State, 132 Ga. App. 624, 625 (1) (208 SE2d 630); Woods v. State, 208 Ga. 456 (1) (67 SE2d 568); Caldwell v. State, 221 Ga. 764, 765 (3) (147 SE2d 298).

Harm as well as error must be shown for an appellate court to grant a new trial. Luke v. State, 131 Ga. App. 799, 806 (207 SE2d 213). We find no harm to a defendant in a charge which permits a jury to select a lesser offense than that charged — even though it be error, where his conviction of the greater offense is supported by the evidence.

*Judgment affirmed. Smith and Shulman, JJ., concur.*

ARGUED APRIL 11, 1977 — DECIDED MAY 3, 1977 —
REHEARING DENIED MAY 25, 1977 —

*Leonard Cohen,* for appellant.
*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.