876

35374. Burch v. The State.

Carlisle, J. The defendant was tried and convicted of the larceny of $2,887 from the house of Charlie Burch. Her motion for a new trial, based on the usual general grounds, and one special ground, which is but an amplification of the general grounds, was denied and she has brought the present writ of error to have that judgment reviewed.

1. "Evidence wholly circumstantial may be sufficient to exclude every reasonable hypothesis save that of the defendant's guilt and authorize his conviction." *Bone* v. *State*, 89 *Ga. App.* 477 (79 S. E. 2d 584), and citations.

2. From the evidence adduced on the trial, the jury was authorized to find that the defendant came to Charlie Burch's house some time in June, 1952, with his son, whom he had not seen for some three years; that they represented to him that the defendant, who was a grown woman, was his niece whom he had not seen since she was four years of age; that the defendant agreed to stay and look after him as he was an aged Negro sharecropper in poor health, and his son departed and had not been seen since; that he, Charlie Burch, had more than $2,800 in cash, which he kept locked up in a wardrobe in his house; that he kept the wardrobe and house locked at all times and the keys on his person, except on one occasion he had given the defendant the key to the wardrobe to get money to pay a physician who was making a professional call on him, and on other occasions he had left the defendant in the house with instructions to lock the house if she left it, but that she had never had the key to the wardrobe except on the one occasion mentioned; that the defendant was the only person whom he had told of the presence of the money in his house, and was the only person who had seen where he kept his money except the physician on the occasion mentioned; that, although the defendant had informed others, prior to the date of the alleged larceny of the money, of the presence of the money in the house, no one had been in the house between the time he last checked the presence of the money and the date the money was discovered missing except him and the defendant; that on the day on which the money was discovered to be missing he had observed that the locks on the wardrobe were in order and had gone off to work, leaving the defendant in the house; that, when he returned at noon, he found that the defendant had packed her bags and was ready to return to her home in Tennessee, of which move he had had no prior notice; that, upon his expressing alarm at being left alone in poor health, the defendant assured him she would return in a few days; that the defendant then rode with him and his employer to Bowman, Georgia, where she took a bus and was not seen again until she was returned from Tennessee in January, 1953, for trial for the larceny of his money; that, when he returned on the evening of the same day, he discovered that the wardrobe had been pried open and that his money was gone; that the house was locked when he and the defendant left it on that day and locked when he returned, and that there were no signs of anyone having broken and entered the house. From those facts the jury was authorized to find that none other than the defendant had the knowledge of the presence of the money, had

the knowledge of its hiding place, and had the time and opportunity of taking it save the defendant. The evidence authorized the verdict, as the jury was authorized to find that every other reasonable hypothesis save the guilt of the defendant was excluded, and the trial court, consequently, did not err in denying the motion for a new trial, based solely on what are in effect the general grounds. See, in this connection, *Roberts* v. *State, 55 Ga.* 220.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 22, 1954.

*J. T. Sisk,* for plaintiff in error.

*Carey Skelton, Solicitor-General,* contra.