### 46236. REGISTER et al. v. THE STATE.

Evans, Judge. The defendants were jointly indicted in Henry Superior Court for the offense of possessing marijuana. Upon arraignment, motions to suppress the evidence were filed, and after a hearing were overruled. The trial judge certified them for immediate review. The appeal is from the denial of the motions to suppress.

The evidence shows that certain police officers had received information that a quantity of marijuana would be shipped into the Fulton County Airport on a named date, transported in this vicinity by 3 or 4 persons in a van-type rental truck accompanied by a 1970 yellow and black Oldsmobile automobile "442"; and that "Larry would be driving it." This information came from a reliable informant, who was another police officer and whose name was not disclosed in order that he might remain unknown, and with whom the officer who testified had previously dealt in such fashion as to suggest the reliability of said informant. After surveillance, a truck and auto similar to the ones above described were followed from the Fulton County Airport for a distance of 8 miles, and stopped in Henry County, where a search was made of the rental van-type truck. The search disclosed a leafy vegetation which, upon subsequent examination by the State Crime Laboratory, was described as marijuana. *Held:*

The sole question for determination here is whether a vehicle can be lawfully searched and its contents seized pursuant to the 4th and 14th Amendments to the Constitution of the United States, where the warrant and search are predicated upon information from a reliable informer who does not testify, and where the basis for the informant's knowledge is not revealed by him, and is unknown by the officers conducting the search.

Where a search is conducted without a valid warrant it violates the provisions of the 4th and 14th Amendments to the Constitution of the United States and the search and seizure is illegal. See Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081); Ker v. California, 368 U. S. 974 (82 SC 480, 7 LE2d 437). But, although a search of a dwelling is not authorized without a proper search warrant, when the officers have ample time to procure one (Agnello v. United States, 269 U. S. 20 (46 SC 4, 70 LE 145); Jones v. United States, 357 U. S. 493 (78 SC 1253, 2 LE2d 1514)), a search of a movable vehicle is an exception, provided there is sufficient probable cause for such search. See Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543). But where the hearsay tip of a reliable informer is relied upon, "the magistrate must be informed of some of the under-

138

lying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.'" Aguilar v. Texas, 378 U. S. 108, 114 (84 SC 1509, 12 LE2d 723); Giordenello v. United States, 357 U. S. 480 (78 SC 1245, 2 LE2d 1503). But the State officers here made the search and seizure upon a lawful arrest based upon the facts received from the informer to the effect that the defendants would be transporting marijuana in bulk. This case differs from Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); United States v. Roth, 391 F2d 507; and Mapp v. Ohio, 367 U. S. 643, supra, as to the underlying circumstances involved in the information received about the alleged criminal act which is thereafter corroborated. It cannot be said that the tip received was inadequate here. If the information received does not sufficiently state the underlying circumstances from which the informant had concluded the defendants were violating the law, or does not sufficiently detail his activities, but is relying on mere casual rumor or general reputation, a warrant, search or seizure based thereon would be illegal. The facts here are very similar to those of Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327), where an experienced Federal Narcotics Agent was told by an informer, whose information they had always found to be accurate and reliable, that a certain person was peddling narcotics; had gone to Chicago to obtain a supply of same; and would return on a certain train, and on a certain day or the day after. The agent met the train, easily recognized the peddler from the description previously furnished by the informant, and without a warrant he arrested the peddler, searched him and seized the narcotics. The Draper case holds that the arrest, search and seizure, were authorized and lawful.

In the case sub judice it is true the information was hearsay since obviously the undercover officer, whose identity was protected, must have received the information from another source, unless he was an accomplice or co-conspirator. The arresting officers had reason to believe the defendants were committing a crime

under this factual situation, and the arrest was lawful. The subsequent search and seizure, which disclosed the leafy vegetation, was made incident to the arrest, and was likewise valid. The details provided by the informant (quantity of contraband, type of travel, number of men, one of whom was named Larry, etc., here, as in the Draper case), was with minute particularity, that is, sufficiently specific and subsequently corroborated, and the Draper case is controlling on this court. See also in' this connection United States v. Acosta, 411 F2d 627, and United States v. Malo, 417 F2d 1242.

*Judgment affirmed. Jordan, P. J., and Qulllian, J., concur.*

ARGUED MAY 6, 1971—DECIDED JUNE 15, 1971—

REHEARING DENIED JUNE 25, 1971—

*Wesley R. Asinof, Jack Paller*, for appellants.
*Edward E. McGarity, District Attorney*, for appellee.