### 46196. CRAFT v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of burglary and sentenced to serve a term of one year. Thereafter motion for new trial was filed and overruled. The appeal is from the judgment of conviction and sentence, with error enumerated as to the overruling of his motion for new trial, as amended. *Held:*

1. The State submitted ample evidence that on a named date a public school building in Douglas County was burglarized and certain items of value removed therefrom, including a television set and certain water pumps. The building had been under renovation and an addition thereto was being constructed. The defendant was a brick mason, employed on the job, who admitted that he was under the influence of intoxicants, and drove out to the job site in the early hours of the morning while it was still dark, in search of whiskey which he had hidden on the premises. The borrowed car he was driving became stuck

when he slipped off the road leading into the school property. He called for help to extricate the car from its predicament. The owner of the car testified that defendant did not want her to approach the car when they went to his assistance, and that he and another man by the name of Carter, who is also indicted for burglary, took his wife and the owner to their homes. He then returned to the scene with Carter and a neighbor, after obtaining a chain to pull the car back onto the road, and found police officers there investigating a reported accident. The car was found, with stolen articles from the building in it, and a television set was also found nearby in the edge of a cornfield. The evidence, while circumstantial, was sufficient to support the verdict. *Brantley v. State,* 115 Ga. 833 (42 SE 251); *Allen v. State,* 123 Ga. 499 (51 SE 506); *Bone v. State,* 89 Ga. App. 477 (79 SE2d 584); *Burch v. State,* 90 Ga. App. 876 (84 SE2d 717).

2. While the proven facts, when based on circumstantial evidence alone, must be consistent with the hypothesis of guilt, it shall also exclude every other reasonable hypothesis save that of the guilt of the accused. Of course, it is not necessary that it exclude every possibility of the defendant's innocence. *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488) and cit. The above is the sum and substance of *Code* § 38-109. The defendant requested that the court charge the above, which was charged in substance, though not in the exact language requested. Under our present law, this charge was sufficient and no error is shown here. See Appellate Practice Act of 1965, §§ 17, 21, as amended (*Code Ann.* § 70-207 (b); Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905); *Jackson v. State,* 225 Ga. 553 (7) (170 SE2d 281); *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52).

3. The police officers having been called to investigate an accident on the school premises and finding a motor vehicle trespassing thereon in the early hours of the morning, which is, to say the least, suspicious circumstances, did not perform an illegal search and seizure in taking the ignition keys out of the car and unlocking the trunk where they found stolen goods. There is no merit in the complaint that the court should have ex-

cluded a photograph of the trunk of the automobile showing the fruits of the burglary.

4. The defendant was charged only with the offense of burglary and not theft by taking. However, complaint is made that the court erred in charging in substance the offense of theft by taking. In the first place, defendant was not injured here because he was not convicted of theft by taking, but he was convicted of burglary. Next, the court properly charged in this respect. *Lockhart v. State,* 3 Ga. App. 480 (3) (60 SE 215); *Butts v. State,* 26 Ga. App. 40 (1) (105 SE 372); *Yawn v. State,* 94 Ga. App. 400 (3) (94 SE2d 769).

5. There was testimony that the accused was seen in the company of another man by the name of Carter in the early hours of the morning at a time when it was still dark, across the street from the school, and thereafter Carter rode around in another motor vehicle with the accused and his neighbor in an effort to obtain a chain to remove the car from the school grounds. There was also evidence that their shoes were muddy, and they also did not want the owner of the car to approach it. Thus there was circumstantial evidence from which the jury could believe that Carter and the accused, even if others were implicated, had entered into a conspiracy to burglarize the elementary school. The court charged thoroughly on conspiracy, and particularly that if the jury should find there was a conspiracy, then any act done in furtherance of that conspiracy would be the act of each of them in furtherance of the conspiracy to commit the offense as charged. There is no merit in the complaint that the evidence was insufficient to charge on conspiracy. *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13); *Walden v. State,* 121 Ga. App. 142, 143 (173 SE2d 110).

6. Another of the special grounds complains of the charge that where the defendant was found to be in possession of some of the articles alleged to have been stolen, this would be a circumstance from which the jury would be authorized to convict unless the defendant makes a satisfactory explanation of his possession consistent with his innocence. This would be a matter entirely for the jury to determine and was proper under the evidence, for the goods were found in the automobile borrowed

by the accused. While the jury could determine that the accused was never in any personal, conscious, or exclusive possession of the stolen articles, in that they could have been placed in the automobile before he borrowed it, or after it became stuck on the school grounds, nevertheless, there was sufficient evidence from which the jury could have determined that he was exclusively in possession of the goods by reason of same being found in the automobile. See *Cheatham v. State*, 57 Ga. App. 858, 860 (197 SE 70).

7. Having considered every specification of error complained of and not expressly abandoned, we find no error in any of the errors claimed.

*Judgment affirmed. Jordan, P. J., and Quillian, J. concur.*
Argued May 5, 1971—Decided June 15, 1971.

*Noland & Coney, Robert J. Noland,· G. Hughel Harrison,* for appellant.