46281.   LEE v. THE STATE.

HALL, Presiding Judge. Defendant appeals from the revocation of his probation. His probated sentence followed a conviction for possessing marijuana. The two grounds of the revocation were possession of marijuana and failure to be of general good behavior in that he threatened the life of a police officer. Defendant attacks the latter ground, contending that the condition of probation calling for "general good behavior" is unconstitutionally vague. However, there is no need to reach this point since the first ground is sufficient to authorize the order of revocation if there was competent evidence to support the finding of possession. *Tidwell v. State,* 76 Ga. App. 711 (47 SE2d 76); *Poss v. State,* 114 Ga. App. 609 (152 SE2d 695).

Defendant's house was searched under a warrant by police officers who found quantities of narcotics and marijuana. The sole issue is whether this evidence should have been suppressed because there was insufficient probable cause for the issuance of the search warrant. The following facts were presented by the investigator to the issuing magistrate both by typed affidavit and supplementary oral testimony: The officer received information from a citizen (named in the affidavit) that he had observed defendant drive up to his employer's door the previous evening and deposit a bag through the mail slot; that this citizen furnished the police with a description of the driver and the tag number of the car; that the bag found under the mail slot contained marijuana; that the auto was registered in defendant's name; that the officer personally knew defendant and the furnished description fit him; that defendant had a previous narcotics record; and that he had intimated to another police officer that he was still using drugs.

Under the approved tests, these facts constituted sufficient proba-

ble cause for the issuance of á warrant to search defendant's house for narcotics. *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647); *Strauss v. Stynchcombe,* 224 Ga. 859 (165 SE2d 302).

Defendant contends the affidavit contained false swearing because it stated that the citizen observed *defendant* drop the bag through the slot when in fact the citizen did not know, nor was he ever called upon to identify the defendant; and that the identity of defendant as the driver was a mere conjecture of the officer based on a tag number and a vague description which could have fit any number of people.

Conceding that this particular statement in the affidavit was not accurate, the warrant itself is not automatically void.

The proper test would be whether the factual inaccuracy destroyed the otherwise adequate showing of probable cause. *Summerville v. State,* 226 Ga. 854 (178 SE2d 162); *Merritt v. State,* 121 Ga. App. 832 (5) (175 SE2d 890). By substituting "an unknown person" for the reference to defendant in the affidavit, there remains the unchallenged statement that someone dropped marijuana through the slot; that the citizen noted the tag number which was identified as having been issued to defendant; and that defendant had a previous narcotics record.

We believe there was still sufficient probable cause for the issuance of a search warrant.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

Submitted June 4, 1971—Decided September 8, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Creighton W. Sossomon,* for appellee.