47086. JOHNSON v. THE STATE.

SUBMITTED APRIL 4, 1972—DECIDED APRIL 17, 1972.

*Frank K. Martin,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.

STOLZ, Judge. ■ At the hearing on defendant's motion to suppress, the uncontradicted evidence showed that at 10:30 p.m. on September 1, 1970, Detective Joe Frazier of the Columbus Police Department was conducting a surveillance of a certain Mustang automobile in the parking lot of the G and N Drive Inn in Columbus, Muscogee County, Georgia, as the result of information he had received from a reliable informant, that the vehicle has been used to transport and store illegal drugs. He had observed the Mustang for approximately one hour at the place in question and had observed several persons come up to the automobile for periods of time and leave, but had not seen anything "change hands." At 10:30 p.m., a white Toyota Land Cruiser drove into the parking lot and stopped in front of the Mustang. A person got out of the Mustang and went to the Toyota. The detective testified he witnessed a small object pass from the occupant of the Mustang through the right front door window of the Toyota and, thereafter,

money pass from the Toyota to the other party. Whereupon the officer radioed for assistance and approached the Toyota. The detective required the two occupants of the Toyota to get out of the vehicle along with the Mustang's occupant and submit to a search of their persons. No illegal contraband was found on their persons. Another officer, after arriving in response to the call for assistance, searched the Toyota and found 11 LSD tablets in the glove compartment. These were sent to the State Crime Lab. for identification, pursuant to which defendant and the driver were arrested on September 4, 1970.

Further evidence showed that the Toyota was owned by defendant's sister and was used by various persons in connection with a family business, at which defendant and the driver of the Toyota were employed.

The search of the vehicle was not made under the authority of a warrant, nor was it made following a lawful arrest.

An automobile in which contraband goods are concealed and transported may be searched without a warrant provided the police have probable cause for believing that the automobile which they search contains the contraband. The reason for this rule is obvious. An automobile, unlike a home or place of business, is mobile and can be quickly moved out of the locality or jurisdiction; therefore, a search without a warrant is allowed where it is impractical to obtain a warrant. Carroll v. United States. 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). This court has held that officers are authorized to conduct searches of motor vehicles without first obtaining a warrant under suspicious circumstances. *Craft v. State,* 124 Ga. App. 57, 58 (183 SE2d 37); *Register v. State,* 124 Ga. App. 136, 137 (183 SE2d 68). It follows that the search by the officer under the above circumstances was authorized and the trial court did not err in overruling defendant's motion to suppress. Ground 4 of defendant's enumeration of errors is overruled.

■ Defendant contends that his conviction is based on circumstantial evidence alone and that because (1) the officer

could not identify the object that passed from the Mustang's occupant into the Toyota as the illicit drug, (2) several other persons had an equal opportunity to place the LSD tablets in the glove compartment of the auto, and (3) defendant offered a reasonable, plausible explanation of the transaction that occurred, the circumstances failed to exclude every other reasonable hypothesis except his guilt; therefore, his conviction is illegal.

Direct evidence and circumstantial evidence are defined in *Code* § 38-102; the weight to be given circumstantial evidence is set out in *Code* § 38-109. Neither type of evidence is favored over the other. When they equally convince the mind, they are of the same effect. Either is sufficient to establish a fact or warrant a conclusion. *Moughon v. State,* 57 Ga. 102. "[T]he term 'hypothesis,' as used in the section of the Code relating to circumstantial evidence (§ 38-109), referred to 'such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life.' This statement was approved in *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714)." *Kalb v. State,* 195 Ga. 544, 549 (25 SE2d 24). "It is not necessary, however, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses. *Wrisper v. State* [supra] and cases there cited." *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504). "'It was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. It is sufficient to show to a moral certainty that it was the prisoner. 57 Ga. 102; 58 Id., 79; 6 Id., 285; 17 Id., 130; *Code* § 3749.' *Johnson v. State,* 73 Ga. 107." *Townsend v. State,* 115 Ga. App. 529, 531 (154 SE2d 788).

In the case at bar, defendant's sister (defendant's witness) testified that neither she nor her husband placed the drugs in the car. The driver of the Toyota (who was also indicted for this offense) testified that the occupant of the Mustang

had passed a five dollar bill into the Toyota as payment for a ticket to a Rock Festival and that the defendant handed him back the ticket and a one dollar bill as change. The defendant substantiated this testimony in his unsworn statement to the jury.

"Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors . . . [cit]." *Townsend v. State,* supra, p. 531.

The facts in the case at bar are distinguishable from those in *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480).

The verdict of the jury was authorized by the evidence. Grounds 1, 2, 3, and 6 of defendant's enumeration of errors are without merit.

■ Defendant contends that the trial judge was not impartial and that he assisted the prosecution of the case by virtue of questions and comments. A reading of the record shows that all questions asked by the trial judge were outside the presence of the jury while hearing the defendant's motion to suppress. The record does not reveal any comments made by the trial judge which indicate any lack of fairness toward the defendant. Ground No. 5 of the defendant's enumeration of errors is without merit.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*