47234. MILLER v. THE STATE.

PANNELL, Judge. The defendant appeals his conviction and sentence for illegal possession of lysergic acid diethylamide. Defendant's motion to suppress the evidence of lysergic acid diethylamide, found as a result of a search and seizure of a motor vehicle possessed by him, was overruled. The State concedes that the warrant was legally defective in that the time of the illegal conduct by defendant is not set forth therein but contends that probable cause existed for the search and seizure in the absence of a valid warrant. Federal courts (Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790) (1924); Chambers v. Maroney, 399 U. S. 42 (96 SC 1975, 26 LE2d 419) (1969)), and State courts (89 ALR2d 75), including this court *(Craft v. State,* 124 Ga. App. 57 (183 SE2d 371) (1971); *Register v. State,* 124 Ga. App. 136 (183 SE2d 68) (1971); *Johnson v. State,* 126 Ga. App. 93 (189 SE2d 900) (1972); *Vaughn v. State,* 126 Ga. App. 252 (190 SE2d 609) (1972)), have recognized the mobile nature of motor vehicles and make a distinction in the applicable search and seizure rules in exigent circumstances. Chambers v. Maroney, 399 U. S. 42, supra. In this case, where a reliable informant had reported dangerous drugs to be in the defendant's vehicle four days prior to the search, another informant reported on

the day of the search the location of the vehicle and that it contained drugs, the peace officers who had the vehicle under surveillance were seen by an occupant of the premises where the vehicle was parked, and the keys were in the ignition of appellant's vehicle making it subject to movement by anyone at anytime, the officers had probable cause to believe the vehicle contained dangerous drugs and exigent circumstances existed for search and seizure of appellant's vehicle without the delay required to perfect the warrant.

The trial court did not err in overruling the defendant's motion to suppress.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
SUBMITTED JUNE 5, 1972—DECIDED SEPTEMBER 19, 1972— REHEARING DENIED OCTOBER 6, 1972—

*Sara L. Hitchcock,* for appellant.
*W. J. Forehand, District Attorney,* for appellee.