47655. HUNTER v. THE STATE.

SUBMITTED NOVEMBER 8, 1972—DECIDED NOVEMBER 15, 1972—
REHEARING DENIED NOVEMBER 30, 1972—

*Auman & Miller, Roger R. Auman,* for appellant.

*Earl B. Self, District Attorney, Ralph Hill, Jr.,* for appellee.

DEEN, Judge. ■ Between three and four in the morning police cars converged on a country grocery store pursuant to information that a burglary was in progress. Two unidentified men, one in a white shirt, fled across a footbridge and into a wood. Just the other side of the footbridge were found a crowbar and a glove; at the corner of the building were two burlap sacks, the inference being that the latter had been recently dropped because they were not damp with dew. On a bank in the wooded area peace officers within a short space of time apprehended and arrested Hunter and the co-defendant, Woody, and recovered three gloves. They were taken back to the store and from there removed to jail. The officers soon afterward discovered an automobile on a country road about four tenths of a mile from the store and in the general direction of the defendant's flight. It was empty; the radiator was warm, and it was illegally parked with two wheels on the road. It was towed to a service station some time before dawn. Investigation of the license number showed it to belong to the defendant, but whether this information was available before or after a search conducted at the station later that morning does not appear. Another glove was found in the automobile and sweepings from the back floorboard matched in organic content (ground corn) debris taken from the inside of the bags found at the scene of the crime. Our concern is with the denial of the motion to suppress the evidence taken from the automobile, without a search warrant, and is restricted to two narrow questions: (1) whether there was any "first instance" right to interfere with the automobile and (2) if such right existed, whether it protected the searchers later in the day when they made the search without a warrant. In thus defining the problem, we accept the premise implicit in all the cases since Mapp v. Ohio, 367 U.

S. 643 (81 SC 1684, 6 LE2d 1081), that a search without warrant is prima facie illegal and must be shown to come within some recognized exception before the evidence can be admitted, and also the conclusion that must be drawn from Chimel v. California, 395 U. S. 762 (89 SC 2034, 23 LE2d 685) and like cases, that a search is not permissible as "incident to" the arrest without a warrant when it is not contemporaneous with it and conducted in an area within the immediate control of the prisoner, that is, an area so contiguous that he might gain control of a weapon, destroy evidence, and so on.

The arrest itself did not give the officers license to search an unidentified automobile some half mile away on the incident-to-arrest theory. However, the fact that it was unattended on a lonely road in a wood in the early hours of morning at a point toward which the defendant had been moving when arrested, that it showed signs of recent use, and that it was illegally parked, combined so that an immediate search would have been legal because reasonable. See in this connection *Croker v. State,* 114 Ga. App. 43 (150 SE2d 294), where an immediate search of a car legally parked in a residential area was held reasonable by a majority of the court under circumstances much milder than prevail here, upon the application of Fourth Amendment standards.

In Preston v. United States, 376 U. S. 364 (84 SC 881, 11 LE2d 777), it is held that once the defendant is in custody a search at another place is not incident to the arrest but must be treated as though it is in the defendant's or his agent's own possession, safe from intrusion. This is not true where, as in Cooper v. California, 386 U. S. 58 (87 SC 788, 17 LE2d 730), the vehicle is being held on proceedings to declare it contraband because of alleged use in transporting narcotics, and therefore required to be kept as evidence in a forfeiture proceeding. Following this case, in Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419), it was held that where there was probable cause to stop a vehicle and arrest the occupants (based on a description

of the perpetrators of a holdup just consummated), these constituted exigent circumstances (on authority of Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790)) which allowed the judgment of the police as to probable cause to serve as a sufficient authorization for a search, and a search after the vehicle was brought in was approved because *if* it could be searched on the spot "the probable cause factor still obtained at the station house." This was followed by Coolidge v. New Hampshire, 403 U. S. 443, 457 (91 SC 2022, 29 LE2d 564), where it was held error, after arresting a defendant within his home without a warrant, to return, take an automobile parked in his driveway to the station house, and search it there some days later. "Even assuming arguendo that the police might have searched the Pontiac in the driveway when they arrested Coolidge in the house, Preston v. United States, 376 U. S. 364 [supra], makes it plain that they could not legally seize the car, remove it, and search it at their leisure without a warrant."

What appears from all these cases (evading the somewhat metaphysical discussion between Justices White and Harlan about relationship of reasonableness of search to probable cause) is that to make the search reasonable on the spot it must either be incident to arrest or contain other elements sufficient in themselves to authorize the peremptory action, and as to the latter, probable cause may be a contributing or even a sufficient factor; if however, the vehicle might be searched on the spot, there is a choice between leaving it guarded while someone goes for a warrant or taking it in custody while the warrant is being obtained, and, if the latter, a search of the vehicle *at the time the vehicle is brought in or during the same morning* will not be held unreasonable if it would not be unreasonable if performed on the spot. But it cannot be held for several days and *then* searched without a warrant, which is the holding in Coolidge, supra. The appellant protests on respectable authority that there are no exigent circumstances in this case to justify the search without a warrant, and only because of its

being reasonably contemporaneous with the discovery of the automobile, its suspected connection with the case, and the fact that it was legally moved because in violation of parking regulations do we find it within the exception to the constitutional requirements. The motion to suppress was properly denied in this case. Since sweepings from the burlap bags and the automobile were shown to correspond, it was also proper to allow the bags to be introduced in evidence.

■ The scope of cross examination of a witness rests largely within the discretion of the trial judge. *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102). It is not reversible error that after the defendant, giving sworn testimony, had stated on direct examination that he did not know where the co-defendant was but that he had already been tried and he presumed he was up in Chattanooga working, to allow the district attorney by cross examination to attempt to establish that the defendant knew the co-defendant's case had resulted in a mistrial and that he had skipped bond, especially as the defendant admitted he had seen Woody the day before.

■ The evidence, although circumstantial, was sufficient to authorize the conviction.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*