## 48587. GONDOR v. THE STATE.

EBERHARDT, Presiding Judge. Defendant was convicted of possessing cocaine in violation of the Uniform Narcotic Drug Act (Code Ann. Ch. 79A-8) and now appeals. *Held:*

1. Defendant enumerates error on the denial of his motion to suppress evidence (cocaine seized by police officers from the map compartment of defendant's automobile). The search and seizure was not made pursuant to a search warrant, and defendant contends the police officers had no probable cause to search the automobile and that "there was nothing in the agents' knowledge that would have led a reasonably prudent man to believe that appellant's automobile contained cocaine."

The legal principle involved is not in controversy and was well stated in *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900): "An automobile in which contraband goods are concealed and transported may be searched without a warrant provided the police have probable cause for believing that the automobile which they search contains the contraband. The reason for this rule is obvious. An automobile, unlike a home or place of business, is mobile and can be quickly moved out of the locality or jurisdiction; therefore, a search without a warrant is allowed where it is impractical to obtain a warrant. Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). This court has held that officers are authorized to conduct searches of motor vehicles without first obtaining a warrant under suspicious circumstances. *Craft v. State,* 124 Ga. App. 57, 58 (183 SE2d 37); *Register v. State,* 124 Ga. App. 136, 137 (183 SE2d 68)." Accord: *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286); *Whitlock v. State,* 124 Ga. App. 599, 602 (3c) (185 SE2d 90); *Miller v. State,* 127 Ga. App. 248 (192 SE2d 915); *Satterfield v. State,* 127 Ga. App. 528 (4) (194 SE2d 295). "In dealing with probable cause, however, as the very name implies, we deal with

probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879).

It is our view that the evidence adduced at the hearing on the motion to suppress amply authorized a finding that the circumstances would have led a reasonably prudent man to believe that defendant's automobile contained contraband. The record reveals that a number of police officers had positioned themselves in and around a motel with communications devices to observe and gain information about an illegal sale of approximately one pound of cocaine being arranged by an undercover agent. One Simmons drove his black Volkswagen to the agent's room at the rear of the motel complex, sold an ounce of cocaine to the agent, and when the agent sought to make an additional purchase, Simmons stated that he would have to return later that night after checking with "his man," or supplier, who wanted to supply the cocaine an ounce at a time. The agent agreed and Simmons left, driving his Volkswagen to the front parking lot where he parked next to defendant's blue Volkswagen which had been there during the meantime. Simmons got out of his black Volkswagen, entered the blue one and talked with the occupant for three or four minutes. Simmons them re-entered his automobile and the two Volkswagens left together. The officers attempted to follow them but lost them in traffic and returned to their positions at the motel. Approximately two hours later the two Volkswagens returned together and proceeded to the rear of the motel complex. Simmons parked in front of the undercover agent's room and entered. Defendant backed his blue Volkswagen into a parking space at the edge of the building and remained behind the steering wheel, and as two of the officers drove around to the rear in an unmarked car defendant slid down in his seat, it appearing to the officers as though he was trying to hide. The officers approached, showed their identification and asked defendant to step out. As he did so an officer on the driver's side saw a plastic bag containing white powder protruding from the map panel or pouch of the door on the driver's side. An officer standing beside the car on the passenger's side looked through the window when the driver's door was closed and also observed the bag and powder protruding from the pouch. This officer testified that the bag containing the powder was the same type he had seen in other

narcotics cases and was positioned only halfway into the pouch so "that possibly in case a police officer came up, he could throw it out without any problem, without having to go into the pouch and look for it, because it was quite a large pouch." The officer came around to the driver's side, removed the bag, and defendant was placed under arrest.

Under these circumstances we disagree with defendant that the officers were acting upon mere suspicion, but on the contrary conclude that they had probable cause for a search and that there was no unreasonable search and seizure.

2. Defendant contends that the trial court erred in refusing to strike the testimony of the State's expert witness, a toxicologist with the State Crime Laboratory, over the objection that the expert did not herself personally prepare the standard samples, graphs, tracings, etc. used for comparison purposes in testing the cocaine. While defendant concedes in his brief that "the expert may give his opinion based upon hearsay or such other facts as he may wish, and his opinion is always admissible and the jury may give it such weight as it deems fit," and that the opinion of the expert here is "well reasoned and based upon extensive use of enormously sophisticated machinery after years of training," reliance is placed upon *Espy v. Preston,* 199 Ga. 608 (34 SE2d 705), *Paulk v. Thomas,* 115 Ga. App. 436, 439 (154 SE2d 872) and *Perkins v. Perkins,* 227 Ga. 177 (179 SE2d 518) to establish the inadmissibility of the testimony. However, these medical history cases have no application in the instant situation. The witness here testified that the graphs, tracings, etc. were standards taken from scientific literature in the drug field upon which she and other toxicologists and chemists customarily rely in the practice of their profession, and we find no error in refusing to strike her testimony.

3. During the state's closing argument, which was not reported, the following occurred: "Mr. Carriere [defense counsel]: Your Honor, I respectfully request that the Court admonish Mr. England for the disparaging remarks with respect to counsel here, addressing the jury and having a difficult time keeping a straight face. The Court: Sustain the objection." Error is enumerated on the failure of the court to admonish the assistant district attorney. Since we have not been presented with a sufficient record of the statement and the context in which it was made to enable us to pass upon this ground, we can find no reversible error. *Jackson v. State,* 229 Ga. 191 (2) (190 SE2d 530) and cits.

4. Defendant complains of the admission into evidence of the initial conversation between Simmons and the undercover agent with regard to the sale of the cocaine. It is contended that the statements of Simmons concerned only himself and his activities in negotiating the sale and are not material or relevant to the indictment charging defendant with possession only, and that the state did not prove prima facie by competent evidence, other than by the acts or statements of Simmons, the co-conspirator, that a conspiracy existed. However, a conspiracy may be shown by circumstantial evidence as well as by direct evidence (*Geter v. State,* 226 Ga. 236, 238 (2) (173 SE2d 680) and cits.; *Wortham v. State,* 184 Ga. 674, 680 (192 SE 720) and cits.; *Nobles v. Webb,* 197 Ga. 242, 245 (29 SE2d 158) and cits.), and the evidence here was sufficient to establish a prima facie case of conspiracy. The introduction of Simmons' statement that he would have to talk to "his man" before he could sell the agent any more cocaine, considered in the light of the other circumstances of the case, was relevant to show defendant's conscious possession in violation of the law, particularly since he took the stand and testified that he did not know what was in the bag.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 17, 1973.

*Moulton & Carriere, J. Wayne Moulton, Edward E. Carriere, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg, J. Melvin England,* for appellee.

