### 49398. MENEGHAN et al. v. THE STATE.

WEBB, Judge.

Defendants were indicted for violations of the Uniform Narcotic Drug Act (Code Ann. Ch. 79A-8) and the Drug Abuse Control Act (Code Ann. Ch. 79A-9) and moved to suppress as evidence the narcotics and drugs which were seized from defendants' vehicle by police officers without a search or arrest warrant. At the hearing on the motions the evidence showed that at approximately 5:45 a. m. Officer Land of the Forsyth police department received a radio call to his patrol car from Officer Smith at headquarters advising him to be on the alert on I-75 southbound for a red Volkswagen van, with Illinois tag number 6268, containing three white males who had made a "drop" in Henry County. He was told that the vehicle was transporting a black leather pouch containing narcotics and drugs, and that this information had been radioed from the sheriff's office in Henry County.

Officer Norton of the Henry County sheriff's office testified that at approximately 5:30 that morning he had received an anonymous telephone call "to meet a subject

out of 155 south." He proceeded to meet the informant, who turned out to be a person whom he had known for about five years. The person was not a "police informer" but "just a common citizen and a good friend of [Norton's]." According to Norton, "he's been to my house and everything else. We are real good friends, see each other quite frequently . . . He's never told me a lie or nothing." The informant gave Norton the "stuff," told him the tag number of the vehicle, and gave him a description of the van and of the container the pills, etc., were in. Norton then radioed his office relaying the information just received and "told them to put a lookout on this van" with the request that the information be relayed to the Forsyth city police. The information was relayed to Officer Smith in Forsyth at approximately 5:45 with request to stop the van, and then from Smith to Officers Land and Cass in their patrol cars as related above.

Acting on this information, Land and Cass stationed their cars at successive intersections with I-75 southbound, watching for the described van. Land spotted the van at approximately 6:10 a. m., followed it and identified it by the description and Illinois tag number, and he and Cass then stopped it. Land testified that he "come on up in front there and one of the men got out, that was driving and started back there to me and I told him what I had. I said I had a call from Henry County that y'all had made a drop and he said they didn't have nothing. I said, 'Well, we're supposed to look for a black pouch in there, and that's all I want to see.' " Land shone his light through the front door and saw the pouch behind the front seat. Cass retrieved it and gave it to Land, who opened it and "seen the stuff in there what they described." Defendants were then arrested. Officers Smith and Land testified that they could not get warrants at that hour of the morning.

The trial court overruled the motions to suppress, and defendants bring the case here directly by way of certificate for immediate review. *Held:*

1. Defendants contend that the informant was unreliable because there was no evidence that he had previously given usable information. This contention is

without merit. "May one act on the information of an informer as to whom the magic phrase 'has given reliable information in the past' cannot be applied? An answer to the question is reached in United States v. Harris, 403 U. S. 573, 581 (91 SC 2075, 29 LE2d 723), where it is stated the court has never suggested that an averment of previous reliability is essential, the question being whether the informant's *present* information is truthful and reliable." *Davis v. State,* 129 Ga. App. 158, 159 (198 SE2d 913).

2. (a) "An automobile in which contraband goods are concealed and transported may be searched without a warrant provided the police have probable cause for believing that the automobile which they search contains the contraband. The reason for this rule is obvious. An automobile, unlike a home or place of business, is mobile and can be quickly moved out of the locality or jurisdiction; therefore, a search without a warrant is allowed where it is impractical to obtain a warrant. Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419)." *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900). Accord: *Vaughn v. State,* 126 Ga. App. 252, 255-256 (190 SE2d 609). "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. United States, 267 U. S. 132, 158, supra. "Where a search of an automobile is made by a police officer without a warrant, the test of its legality is whether the search was reasonable. In applying this test reasonableness is not determined by the hindsight of appellate court judges after weeks of academic deliberations; it is determined by the foresight of the policeman on the scene who must act in the public interest in a very short space of time. The reasonableness of his action must be judged in relation to the circumstances then existing and is in the first instance a question for the trial judge to determine." *Croker v. State,* 114 Ga. App. 43 (1) (150 SE2d 294).

(b) "An arrest for a crime may be made by an officer . . . without a warrant if the offense is committed in his

presence, or the offender is endeavoring to escape, *or for other cause there is likely to be failure of justice for want of an officer to issue a warrant."* Code § 27-207. (Emphasis supplied.) "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: . . . (c) Discovering or seizing the fruits of the crime for which the person has been arrested; or (d) Discovering or seizing any instruments, articles, or things which are being used, or which may have been used, in the commission of the crime for which the person has been arrested . . ." Code Ann. § 27-301.

(c) That factual information is relayed by police to other law enforcement officers does not render it per se subject to a "double hearsay" objection, the question being whether probable cause is shown. *Underhill v. State,* 129 Ga. App. 65, 68 (198 SE2d 703).

(d) In the instant case the trial court was fully authorized to find that the informant was a close personal friend of Officer Norton; that he gave him a detailed description of the van, its tag number and occupants, together with a description of the black leather pouch containing the narcotics and drugs; that he had in his hands some of the contraband which had come from the "drop" made by appellants in Henry County; and that the hour of the morning and the exigencies of the situation precluded the obtaining of search and arrest warrants. In these circumstances the reliability of the informer and the sufficiency of the "tip" are adequately shown, and probable cause existed both for a search without a warrant prior to arrest and for arrest without a warrant, pursuant to which a lawful search could be conducted. Cf. Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327); *Register v. State,* 124 Ga. App. 136 (183 SE2d 68); *Andreu v. State,* 124 Ga. App. 793 (186 SE2d 137); *Miller v. State,* 127 Ga. App. 248 (192 SE2d 915); United States v. Ardle, 435 F2d 861 (CA 9); Tygart v. State, 248 Ark. 125 (451 SW2d 225); People v. Swayze, 220 Cal. App. 2d 476 (34 Cal. Rptr. 5); People v. Stewart, 264 Cal. App. 2d 809 (70 Cal. Rptr. 873); People v. Turner, 2 Cal. App. 3d 632 (82 Cal. Rptr. 763); State v. McCallum, 211 Kan. 631 (507 P2d 196); People v. Niever, 72 Misc. 2d

916 (339 NYS2d 832).

*Davidson v. State,* 125 Ga. App. 502 (188 SE2d 124); *Mobley v. State,* 130 Ga. App. 80 (202 SE2d 465); *Forehand v. State,* 130 Ga. App. 801 (204 SE2d 516); and Whiteley v. Warden, 401 U. S. 560 (91 SC 1031, 28 LE2d 306), relied upon by defendants, are factually distinguishable and do not require a different result.

(e) Since the van could be searched on the spot, further search of it at the time it was brought in to the station house or during the same morning was authorized. Chambers v. Maroney, 399 U. S. 42, supra; *Hunter v. State,* 127 Ga. App. 664, 665 (194 SE2d 680); *Underhill v. State,* 129 Ga. App. 65, 67 (198 SE2d 703); *Caito v. State,* 130 Ga. App. 831, 835 (5) (204 SE2d 765).

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED MAY 30, 1974 — DECIDED JUNE 24, 1974 — REHEARING DENIED JULY 12, 1974 —

*Harvey J. Kennedy, Jr., W. Buford Mitchell,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.