## 50790. BURKILL v. THE STATE.

PANNELL, Presiding Judge.

Appellant was convicted of possession of marijuana and appeals the judgment. The sole issue is whether or not defendant's motion to suppress should have been overruled.

The following facts were presented to the magistrate by typed affidavit: "On July 23, 1974 at 8:30 P.M. Detective Pace recieved (sic) information from a truthful informant that on the primises (sic) of 3238 Siminole Ave. there is at this time a planter in the rear of the house containg (sic) Marijuana Plants (15). The informer also stated that he has seen green leafey (sic) material in side (sic) the above residence under the controll (sic) of Mike Burkehill (sic). This informer was on these primises (sic) today July 23, 1974 and took one of the plants from a planter and brought it to Detective Pace. Detective Pace has identified the plant as Marijuana. Based on the information recieved (sic) I believe there is Marijuana being grown and kept on the above mentioned premises, also within the house behind 3238 Siminole Ave." No other facts were related to the magistrate.

1. Appellant contends that there were insufficient facts presented to the magistrate to allow him to determine the credibility of the informant. It is not necessary that an averment of previous reliability be made before information provided by an informant can be acted upon. The question is whether the informant's present information is truthful and reliable. *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150); United States v. Harris, 403 U. S. 573, 581 (91 SC 2075, 29 LE2d 723). This court in *Meneghan* considered that the informer had in his hands some of the contraband from the "drop" made by appellants as a factor in determining the informant's reliability. Other factors considered were the detailed

description of the vehicle and a statement that the informer was a personal friend of the officer. In the present case, the informer brought to the officer a marijuana plant, allegedly taken from the premises to be searched. He also provided a description of the premises and an exact number of marijuana plants located in a planter in the rear of the house.

In determining probable cause for the issuance of a warrant, we deal with practical considerations of everyday life on which reasonable men, not legal technicians, act. United States v. Harris, supra. A reasonable man would be warranted in believing the informant under the above circumstances, particularly where the informant brought to the officer a marijuana plant, which he had removed from the premises to be searched. The magistrate did have probable cause to believe that the informant was truthful, and the information was reliable.

2. The property to be searched was described in the warrant as "3238 Siminole Ave., a white wood frame house behind a main house known as 3238 Siminole Ave. The house behind the main house has a front porch with an awning, also a bike on the porch. The residence of Mike Burkehill and Ninia Burkell (sic), also a V-W van with a Fla. tag and wooden bumper, also a Chevy Malabu (sic) Tag, BJN-608 belonging to the above suspects." Appellant asserts that the factual allegations of the affidavit relate generally to 3238 Siminole and not to the house in the rear of the lot, and that this is a basis for invalidating the search.

The affidavit set forth that a green leafy material was seen under the control of Mike Burkill. This fact combined with the fact that marijuana was being grown on the premises of 3238 Siminole Avenue would provide probable cause to believe marijuana was being kept in the residence of Mike Burkill, which was the house for which the search warrant was issued. See, generally, *Lee v. State,* 124 Ga. App. 397 (184 SE2d 41).

3. For the above reasons, there existed probable cause to justify issuance of a search warrant for the interior of the residence as well as the curtilage.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED JUNE 25, 1975 — DECIDED SEPTEMBER 2, 1975.

*Bennett & Dantzler, Deryl D. Dantzler,* for appellant.
*Clarence H. Clay, Jr., Solicitor, John R. Sikes, Assistant Solicitor, James M. Wootan,* for appellee.