*Roy N. Cowart,* for appellees.

## 56988. PETERS v. THE STATE.

WEBB, Judge.

Dean Rene Peters was convicted of possessing for transfer lottery tickets in violation of Criminal Code § 26-2703 (f). He was sentenced to five years in prison after the state tendered in evidence without objection numerous prior convictions for burglary and gambling. We affirm the appeal.

1. Acting on a tip from a reliable informant that in a few minutes Peters was going to make a pickup of bug tickets at a certain address, police arrested Peters, who was driving a car in which was found under the driver's seat in a paper bag 66 tally sheets and bug tickets with bets on them. The bets and tally sheets were on thin tissue paper which is easily dissolved and of the type commonly used in gambling operations. In the trunk of the car was $330 and in the glove compartment a small calculator. After advising Peters of his rights the police asked him what he was doing picking up the bug, and he replied, "you just can't get good help these days." When the officers attempted to confiscate the money in his pocket, Peters protested that "none of that was bug money, that it was his personal money."

Not only was the automobile in Peters' custody, but he also made incriminating statements from which the jury was authorized to infer that he knew of the presence of the lottery tickets and was in possession with intent to transfer them. This evidence was sufficient for conviction under Code Ann. § 26-2703 (f) and we will not disturb the verdict. See *Lackey v. State,* 137 Ga. App. 358 (1) (223 SE2d 755) (1976).

2. " 'An automobile in which contraband goods are concealed and transported may be searched without a warrant provided the police have probable cause for believing that the automobile which they search contains the contraband. The reason for this rule is obvious. An automobile, unlike a home or place of business, is mobile

and can be quickly moved out of the locality or jurisdiction; therefore, a search without a warrant is allowed where it is impractical to obtain a warrant. Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419).' *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900). Accord: *Vaughn v. State,* 126 Ga. App. 252, 255-256 (190 SE2d 609). 'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' Carroll v. United States, 267 U. S. 132, 158, supra. 'Where a search of an automobile is made by a police officer without a warrant, the test of its legality is whether the search was reasonable. In applying this test reasonableness is not determined by the hindsight of appellate court judges after weeks of academic deliberations; it is determined by the foresight of the policeman on the scene who must act in the public interest in a very short space of time. The reasonableness of his action must be judged in relation to the circumstances then existing and is in the first instance a question for the trial judge to determine.' *Croker v. State,* 114 Ga. App. 43 (1) (150 SE2d 294)." *Meneghan v. State,* 132 Ga. App. 380, 382 (2a) (208 SE2d 150) (1974).

In the instant case the police were called by a known, reliable informant who told them that "Peters would be departing 304 South Seale Road in just a few minutes in a green Chrysler, and that he would be going to 2707 Willow Street to pick up some bug tickets." This information was corroborated by the fact that 304 South Seale Road was known from prior cases as a bug house; that Peters was known to police from prior arrests as being involved in the lottery; that when police went to 304 South Seale Road they saw Peters get in a green Chrysler and drive away; that they also saw Peters go to 2707 Willow Street and pull off the road, but no one came out to hand him anything so he left; that Peters then drove around the block where he stopped again and met with a man known to police to live at 2705 Willow Street who was in the same gambling organization as Peters; and that the

"bug pick up" for the bug writing houses was often made by this man at the same time (just before the closing of the stock market).

The informant's tip was sufficiently specific and subsequently corroborated so as to meet the probable cause for a warrantless search test of *Draper v. United States,* 358 U. S. 307 (79 SC 329, 3 LE2d 327) (1959). The trial judge did not err in overruling the motion to suppress the evidence taken from Peters' car. *Register v. State,* 124 Ga. App. 136 (183 SE2d 68) (1971) (U. S. cert. den. 405 U. S. 919).

3. Peters complains of the trial court's admission of the opinion evidence of a detective who was qualified as an expert in the field of gambling and lottery by the state, insisting that he was given no opportunity to cross examine as to his qualifications. In the trial, counsel for Peters made only one objection to the testimony of Detective Walton ("We're going to object to an opinion by him, Your Honor"), and made no attempt or request to cross examine him. The objection was not renewed after the evidence was admitted and no motion for mistrial was made. Nothing was said about the witness being improperly qualified or that the proper foundation had not been laid. This was insufficient to raise a question before a reviewing court as to the impropriety of admitting the testimony. *Hendrix v. State,* 125 Ga. App. 327 (1) (187 SE2d 557) (1972). Further, "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. [Cit.]" *Hogan v. Olivera,* 141 Ga. App. 399, 401 (1c) (233 SE2d 428) (1977). We find no abuse here.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED JANUARY 15, 1979 — REHEARING DENIED FEBRUARY 1, 1979 —

*Michael E. Garner,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger,*

*Assistant District Attorney,* for appellee.